In re McDONNELL.

(District Court, N. D. Iowa, E. D. April 30, 1900.)

1. BANKRUPTCY—ASSETS—PATENTS AND PATENT RIGHTS.
     A trustee in bankruptcy takes no title to a patent for an invention granted to the bankrupt after the date of the adjudication in bankruptcy, although the application for such patent was made before the bankruptcy, and was pending at the time of such adjudication.

2. SAME.
     Bankr. Act 1898, § 70a, providing that a trustee shall be vested by operation of law with the bankrupt's title, as of the date he was adjudged a bankrupt, to "interests in patents and patent rights," includes interests then owned by the bankrupt in patents already issued and in force, whether as patentee, assignee of the patent, or holder of rights acquired under a patent to a third person, such as licenses or manufacturing rights; but it does not include the interest of the bankrupt in a patentable invention, or in a pending application for a patent.

3. SAME—LIFE INSURANCE POLICY.
     A trustee in bankruptcy takes no title to policies of life insurance wherein the bankrupt is named as a beneficiary, when the bankrupt is not himself the contracting party with the insurance company, and would not be entitled to receive the value of the policies if surrendered at the date of the adjudication.

In Bankruptcy. Submitted on question of the right of the trustee to certain letters patent issued to the bankrupt, and to two policies of insurance issued by the Northwestern Life Association.

J. P. Conway, for trustee.
H. T. Reed, for bankrupt.

SHIRAS, District Judge. It appears in this case that John McDonnell was adjudged a bankrupt on the 6th day of June, 1899, upon a voluntary petition filed on that date. It further appears that on the 9th day of April, 1898, the bankrupt, in conjunction with Goodwin W. McDonnell, filed an application for the issuance of letters patent to them for an improvement in the mode of constructing bicycles, and on the 20th day of June, 1899, letters patent No. 627,199 were duly issued to the petitioners by the patent office. The question at issue between the trustee and the bankrupt, and which is now submitted to the court, is whether the interest of the bankrupt in this patent passes to the trustee under the provisions of section 70 of the act, which declares that the trustee "shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * to all * * * interests in patents, patent rights, copyrights and trade-marks."

It seems to be settled that the letters patent, and the rights conferred thereby on the patentee, cannot be seized and sold on execution at law. Carver v. Peck, 131 Mass. 291; Bank v. Robinson, 57 Cal. 520; Stevens v. Gladding, 17 How. 447, 15 L. Ed. 155; Stephens v. Cady, 14 How. 528, 14 L. Ed. 528; 2 Rob. Pat. § 766. The right to a patent is created by the acts of congress, and whether the letters patent, when granted, can be assigned, and the mode and effect of an assignment, are questions to be determined by the legislation of congress upon these subjects. By section 4898, Rev. St., it is pro-

vided that every patent or interest therein shall be assignable in law, by an instrument in writing, which, as against subsequent purchasers or mortgagees without notice, must be recorded in the patent office within three months from the date thereof. It being provided in section 70 of the bankrupt act that the trustee shall, by operation of law, be vested with the title of the bankrupt, as of the date of the adjudication, in and to all patents in which the bankrupt has an interest, it follows that in cases of bankruptcy it is not necessary that the patentee should execute an assignment in writing, in order to convey the title to the trustee, as that passes by operation of law; but the question remains whether anything passes to the trustee, except such matters as are expressly named in section 70. That section does not declare that the bankrupt's interest in patentable inventions or in pending applications for patents shall be vested in the trustee, but only his interest in patents and patent rights; the latter words, to wit, "patent rights," being intended to include rights acquired under a patent to a third party, such as a license or manufacturing right, and the word "patents" to include cases wherein the title in the letters patent, in whole or in part, is vested in the bankrupt, either by the issuance of the letters in his name, or by a proper assignment in writing from the patentee. As I construe this section, if the trustee has acquired a title to the patent in question, it must be because such a construction can be given to the word "patents," as used in section 70, that it will include pending applications for letters patent; and I do not deem such a construction to be admissible. If it had been the intent of congress to confer upon the trustee a right and title to pending applications for patents, we should expect to find, not only apt words used to express that intent in the section defining the kinds of property which vest in the trustee, but also authority to the trustee to take the necessary steps needed to perfect the pending application; and in the absence of such authority, or of words referring to pending applications, the word "patents," as used in section 70, must be held to include only patents in existence and in force on the day of the adjudication in bankruptcy.

In the construction of statutes, it is a well-recognized rule that regard may be had to all statutory provisions touching a given subject, as aids in arriving at the legislative intent; and we may therefore turn to the provisions of the Revised Statutes dealing with the subject of patents, in order to seek light therefrom on the question under consideration. Turning to section 4896 of the Revised Statutes, we find it therein enacted that:

"When any person, having made any new invention or discovery for which a patent might have been granted, dies before a patent is granted, the right of applying for and obtaining the patent shall devolve on his executor or administrator, in trust for the heirs at law of the deceased, in case he shall have died intestate, or if he shall have left a will, disposing of the same, then in trust for his devisees in as full manner and on the same terms and conditions as the same might have been claimed or enjoyed by him in his lifetime."

Can there be any question, under the provisions of this section, that if the bankrupt had died after the date of the adjudication, but before the issuance of the letters patent, his administrators would

have had the right to perfect the application for the patent, and that the patent would then have been issued in the name of the administrator? If, however, the contention of the trustee in this case be sustained, to the effect that the title to the pending application for a patent passed to him, by operation of law, as of the date of the adjudication in bankruptcy, then, upon the subsequent death of the bankrupt, if that had occurred before the issuance of the patent, the administrator would have had no right to proceed in the procurement of the patent, but that right would be vested in the trustee. It will be noticed that, in case of the death of the inventor, provision is made for the executors or administrators making the necessary affidavits or proofs needed to secure the issuance of a patent; but in section 70 of the bankrupt act there is no provision of this character, and therefore the fair conclusion is that section 70 has reference only to letters patent actually issued at the date of the adjudication in bankruptcy. I therefore hold that the trustee in this case is not entitled to hold letters patent No. 627,199, as part of the estate of the bankrupt, for the reason that the same had not been issued at the date of the adjudication in bankruptcy.

I also hold that the bankrupt has no interest in the policies issued by the Northwestern Life Association, of such a nature that the trustee can claim a right thereto under the last clause of section 70 of the bankrupt act. In these policies the bankrupt is named as a beneficiary, but he is not the contracting party with the company, nor would the surrender value therein be payable to him or his estate, and therefore the trustee has no interest therein.