---

## In re DANN.

(District Court, N. D. Illinois. April 1, 1904.)

No. 9,701.

1. BANKRUPTCY—INVENTOR'S RIGHTS BEFORE PATENT—TRANSFER.
   A bankrupt's incorporeal interest in an alleged invention pending application for a patent does not pass to his trustee in bankruptcy under Bankr. Act July 1, 1898, c. 541, § 70a, cl. 2, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451], declaring that the bankrupt's interest in patents, patent rights, etc., shall be vested in the trustee by operation of law as of the date he was adjudged a bankrupt, since the words "interest in patents, patent rights," etc., should be construed as referring to rights acquired under a patent to a third party.

2. SAME—"PROPERTY."
   Bankr. Act July 1, 1898, c. 541, § 70a, cl. 2, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451], expressly provides for a transfer of the bankrupt's interest in patents, patent rights, copyrights, and trade-marks, and clause 5 provides for the surrender of all property which, prior to the filing of the petition, the bankrupt could by any means have transferred. Held, that since no mention is made in clause 2 of the incorporeal interest of an inventor in an article conceived prior to the allowance of a patent, such interest should not be treated as "property," within clause 2, though Rev. St. § 4895 [U. S. Comp. St. 1901, p. 3385], permits the inventor to transfer the same, and authorizes the issuance of a patent to the transferee.

On review of ruling by the referee that the bankrupt's interest and claims under pending application for a patent vested in the trustee

under Act July 1, 1898, c. 541, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451].

Raymond & Barnett, for bankrupt.

Thos. S. Hogan, for trustee.

Thos. M. Turner, for petitioning creditors.

SEAMAN, District Judge. The question certified, as stated by the referee, is this: "Can a bankrupt be compelled to assign to the receiver or to the trustee all of his rights, title, and interest in, to, and under applications pending in the Patent Office for letters patent upon alleged invention?" The solution is not free from difficulty, but I am constrained to the opinion that the alleged interest of the bankrupt is not within either of the provisions of Act July 1, 1898, c. 541, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], and does not pass to the trustee in bankruptcy. The opinion of the referee rests the ruling in favor of the trustee upon section 70a, cl. 2, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451], which declares that the bankrupt's "interests in patents, patent rights, copyrights and trade-marks" shall be so "vested by operation of law" as "of the date he was adjudged a bankrupt," and upholds the contention on behalf of the trustee that the interest in a pending application is within the statutory intent and meaning of the term "patent right," as therein used. This view impresses me as untenable for the reasons well stated in the opinion of Judge Shiras in Re McDonnell (D. C.) 101 Fed. 239. The term is one of frequent and distinctive use, both in statutes and in common parlance, and under the established rules for its construction must be taken in its "natural, plain, obvious, and ordinary signification." Suth. on Stat. Const. § 229. As commonly used in various state statutes regulating transactions thereunder which have received judicial construction, the term "patent rights" has been limited, for obvious reasons, to such as "the patentee or his assignee (or licensee) possesses in the property created by the application of a patented discovery" (Patterson v. Kentucky, 97 U. S. 501, 506, 24 L. Ed. 1115); while in common parlance it is applied to rights derived under patents. As used in this statute, following the words "interests in patents," I concur in the definition given by Judge Shiras, as "intended to indicate rights acquired under a patent to a third party, such as a license or manufacturing right." The term is in no sense applicable to the incorporeal interest of an inventor in an alleged invention for which no patent has issued, though application is pending. It would be a misnomer if employed in the latter sense, for no right to a patent exists except as provided by statute and upon allowance thereunder. Without such allowance of an application, the applicant has no interest which can be denominated a "patent right," whatever may be his interest in the invention claimed. Remarks arguendo in Fisher v. Cushman, 43 C. C. A. 381, 387, 103 Fed. 860, 51 L. R. A. 292, are cited by the referee (and in the briefs) as opposed to the ruling in the McDonnell Case. I do not so regard their import, and the dicta referred to impresses me as instructive only upon the inquiry of property right which remains to be considered.

The question of difficulty, as I view the case, is whether the alleged interest of the bankrupt may not be reached under the terms of section 70a (5), as "property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon or sold under judicial process against him." That the invention may be transferred before patent is well recognized (Cammeyer v. Newton, 94 U. S. 225, 226, 24 L. Ed. 72), and section 4895, Rev. St. (3 U. S. Comp. St. 1901, p. 3385), authorizes issue of the patent to the assignee in such case. So the test of the applicability of this clause (5) is whether the interest in the alleged invention, pending application for a patent, constitutes "property" within the statutory meaning. This term is one of wide general signification, but, as found in the clause in question, I am satisfied that the rule above cited in reference to words in common and distinctive use is not applicable; nor are the dictionary definitions cited on the one side and the other safe guides for its interpretation. Fisher v. Cushman, supra. As thus found, "it is not to be construed in any loose, popular sense, but with regard to the limitations which the law (in question) attaches to it." Id. The special nature of the right of an inventor to his own invention is well recognized as having no substantial value in the absence of statutory provision for patent monopoly. While he "had at all times the right to enjoy the fruits of his own ingenuity, in every lawful form of which its use was susceptible, yet before the enactment of the statute he had not the power of preventing others from participating in that enjoyment to the same extent with himself; so that, however the world might derive benefit from his labors, no profit ensued to himself." Patterson v. Kentucky, 97 U. S. 501, 507, 24 L. Ed. 1115, quoting with approval Jordan v. Overseers, etc., 4 Ohio, 295. All that is primarily secured by the patent is "the exclusive right in the discovery," and it then stands as only "an incorporeal right, or, in the language of Lord Mansfield in Miller v. Taylor, 4 Burr, 2303, 'a property in notion' having 'no corporeal tangible substance.'" Patterson v. Kentucky, 97 U. S. 506, 24 L. Ed. 1115. It is true that this incorporeal right is named as the property of the inventor before patent issues in Jones v. Sewall, Fed. Cas. No. 7,495, and in Rathbone v. Orr, Fed. Cas. No. 11,585; but both these definitions must be qualified by that above cited in the ruling case upon the subject. The substantial property right of exclusive use is created alone by the patent, while the inventor has at the utmost a mere inchoate right to that end, which is of no avail unless a patent is granted. Gayler v. Wilder, 10 How. 477, 493, 13 L. Ed. 504. In the well-considered case of Gillett v. Bate, 86 N. Y. 87, 94, the opinion speaks in reference to this inchoate right of the inventor that it is "at least doubtful whether it has the characteristics of property, so as to justify a compulsory transfer by the inventor." An invention is the product of original thought, and its elements are (1) the mental conception, and (2) the application of the thought in form to produce practical result. 1 Robinson on Pat. §§ 77, 78. This conception surely has no attribute of property which can subject it to compulsory transfer before a patent is applied for to secure the wanting attribute of monopoly in its use; and

I am doubtful, to say the least, whether the further action of the inventor in prosecuting an application for a patent creates property interest which would pass to the trustee under the general terms of this clause, irrespective of the effect of the preceding specification. In Fisher v. Cushman, supra, the question involved was whether a liquor license passed under this clause. By way of illustration the opinion suggests "as an extreme case" the completion of an invention by a bankrupt, after depleting his estate in experimenting to that end, with no act needed for procuring a patent except the making of an application, and it is thereupon said: "We cannot concede that there are any authorities of so precise a character as would prevent a court of bankruptcy from realizing capital thus locked up." While I am not prepared to concur in this intimation, it is sufficient to remark that no such phase appears in the case at bar, and that my conclusions do not rest upon the abstract meaning of the word "property" as found in clause 5, but upon the limitations placed thereon through clause 2. As stated by Judge Jenkins (In re Rouse, Hazard & Co., 91 Fed. 96, 100, 33 C. C. A. 356, 360), the principle of construction is elementary that "specific provisions relating to a particular subject" must "govern in respect to that subject as against general provisions contained in the same act." The bankruptcy act of July 1, 1898, c. 541, § 70a, cl. 2, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451], thus provides specifically for vesting in the trustee the interest of the bankrupt in patents and patent rights, and the presumption arises therefrom, when followed by clause 5 in reference to general property, that it was so provided in recognition of the distinction of this class of interests from the general classification of property, as pointed out in the foregoing citations. Under the rule of interpretation referred to, I am of opinion that the interest of the bankrupt in the alleged invention cannot be reached through the general terms of clause 5, in the face of this specific provision for patent interests; thus concurring in the view expressed by the referee thereupon. The fact that no mention is made in clause 2 of the interest which the inventor may have prior to the allowance of a patent, and that it is therefore treated as excluded from that provision, cannot disturb the application of the rule. The exclusion so found must be deemed intentional, having the peculiar interest of invention in mind, and that intention cannot be evaded without violating the principle on which the rule is founded. With the patent predicated solely on the invention rights, rejected from the general property clause, no construction is justified to extend that clause over the inchoate (and inferior) right represented in the patent.

The question certified must be answered in the negative, and the petition of the trustee denied accordingly. It is so ordered.