B. F. AVERY & SON v. J. I. CASE PLOW WORKS.

(Circuit Court, E. D. Wisconsin. July 2, 1908.)

PATENTS—WRONGFUL INSTITUTION OF INTERFERENCE PROCEEDINGS—RIGHT OF ACTION FOR DAMAGES.

The action of a defendant in causing interference proceedings to be instituted and prosecuted in the patent office thereby delaying the issuance of a patent to complainant, although malicious and for the purpose of obtaining the benefit and use of the invention in the meantime, does not give a right of action at law for damages.

At Law. On general demurrer to complaint.

Edward T. Fenwick and L. L. Morrill, for plaintiff.

James H. Peirce, for defendant.

SEAMAN, Circuit Judge. The facts stated in the complaint are, in substance: Pendency in the Patent Office of rival applications for a patent on improvements in a seed planter—alleged to be the conception of plaintiffs' assignor, who filed the senior application—whereupon interference was declared. The junior applicant, representing

the defendant, was so persistent in his contentions and obstructive proceedings that no patent was issued to such senior applicant until long after the date he would otherwise have been entitled thereto, although all such contentions and proceedings on the part of the defendant were without merit and ultimately overruled, and the claims of the senior applicant were finally allowed, with grant of a patent accordingly. It is further averred, in effect, that these obstructive proceedings were intended to delay the issuance and thus obtain meantime benefit and use of the invention; that the defendant entered into the making of such improvements prior to such grant, and inflicted the injury complained of; and that such conduct was malicious.

Upon the facts so stated I am of opinion that no cause of action at law appears. That no case of malicious prosecution is set forth within the authorities cannot be doubted; nor do I understand that counsel for plaintiff so predicates any right of recovery. The proceedings referred to in the Patent Office and in the courts, however unmeritorious under the averments, were orderly civil proceedings, involving neither arrest of person, seizure of property, nor defamation of business credit or character. If the patent was unfairly delayed thereby, it nevertheless issued for the full term of monopoly authorized by law, and thus conferred exclusive use for such term, which is the only substantial property right obtainable (In re Dann [D. C.] 129 Fed. 495, 497); and no actionable injury arose out of the delay. The right of the inventor to a monopoly is purely a creature of the statute, not recognized at common law; and no cause of action arises, to say the least, at law, for infringement, before the grant of a patent, so no damages are recoverable for prior use, however obtained. Rein v. Clayton (C. C.) 37 Fed. 354, 356, 3 L. R. A. 78, and authorities cited. Whether equitable relief may be granted against use of a secret process (unpatented), whereof disclosure was obtained by the user through fraudulent representations and betrayal of confidence, followed by fraudulent application and issuance of a patent in favor of such user, as upheld in Murjahn v. Hall (C. C.) 119 Fed. 186, is an inquiry not involved in the present suit, nor within the facts complained of.

The authorities cited in support of this complaint do not meet the objection above stated, which I believe to be fatal, and the demurrer is sustained, with leave to amend the complaint within 20 days, unless the plaintiff elects to stand thereupon and submit to dismissal.