## In re CANTELO MFG. CO.

(District Court, D. Maine. February 6, 1911.)

### No. 179.

**1. BANKRUPTCY (§ 140*)—INVENTIONS—PATENT APPLICATIONS—RIGHTS OF INVENTOR.**

Where the president and majority director of a corporation was also employed by it as an inventor, as such had completed inventions at the expense of the corporation for which applications had been made for a patent, and had obtained credit for the corporation by their use, he was estopped to claim in bankruptcy proceedings against the corporation that such inventions and the patent applications belonged to him and not to the corporation.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

**2. BANKRUPTCY (§ 143*)—"PROPERTY"—RIGHTS OF TRUSTEE—PATENT APPLICATIONS.**

Where the president and manager of a corporation had completed certain inventions with the corporation's funds while acting as the corporation's agent and employé, and thereafter obtained credit thereon, pending applications for patents constituted "property" which passed to the corporation's trustee in bankruptcy under Bankruptcy Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), providing that a bankrupt's trustee shall be vested by operation of law with the title of the bankrupt to all property which, prior to the filing of the petition, the bankrupt by any means could have transferred or which could have been levied on or sold under judicial process against him; the word "property," as used in such section, being intended to include anything which was a proper subject of a legal transfer.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*

For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

In the matter of bankruptcy proceedings of the Cantelo Manufacturing Company. Proceedings by the trustee to compel the assignment of certain rights under patent applications to him for the benefit of the estate in bankruptcy. On certificate of referee. Order overruling demurrers affirmed, and case remanded.

Howard R. Ives, per se.
Geo. E. Curry, for John S. Cantelo.

HALE, District Judge. The certificate of Mr. Pierce, the referee, shows that after the adjudication, first meeting of creditors, and election of trustee, the salable assets of the bankrupt were all sold, except certain applications for patents. On March 29, 1910, Howard R. Ives, the trustee, filed a petition alleging that John S. Cantelo is the president, director, and majority stockholder of the bankrupt corporation, and has been so since its organization in 1901; that, in addition

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereto, he has continuously, up to the adjudication in bankruptcy, been in the employ of the corporation as general manager, inventor, and workman upon inventions, and in complete control of its mechanical and financial matters; that the petitioner is informed and believes that upon the 3d day of December, 1901, said Cantelo assigned to the said Cantelo Manufacturing Company a certain application for letters patent; that said assignment was, on the 5th day of December, 1901, recorded in the United States Patent Office, a copy of which assignment is annexed to the petition and made a part of it; that the application therein assigned is the property of the bankrupt corporation, and the said bankrupt corporation has failed to turn over and assign the application to the trustee; that the petitioner is informed and believes that on the 3d day of December, 1901, the said John S. Cantelo assigned to the said Cantelo Manufacturing Company a certain other application for patent, and said assignment was, on the 5th day of December, 1901, recorded in the United States Patent Office, a copy of which assignment is annexed to the petition and made a part of it; that said application so assigned is the property of the said bankrupt corporation; that the said bankrupt corporation has failed to turn over and assign the application to the trustee; that the petitioner is informed and believes that said Cantelo has, since the date of said assignments of said applications for patents above set forth, made certain other applications for letters patent; that the said other applications for letters patent are now pending in the Patent Office of the United States; that the said other applications for letters patent, and the inventions therein claimed, are each and all of them the property of the bankrupt corporation; but that the said Cantelo and the said bankrupt corporation have failed to turn them over and assign them to the trustee; that all the applications for letters patent were held by the said Cantelo for the said Cantelo Manufacturing Company as its property, up to and at the date of the filing of the petition in bankruptcy against that company, with no claim of adverse interest in himself, made by said John S. Cantelo; but that continuously, and at all times up to and at the date of the filing of said petition in bankruptcy against the said Cantelo Manufacturing Company, the said John S. Cantelo, for the purpose of procuring credit for said company, claimed and represented that all of the said applications for letters patent and all of the inventions which were and are the subject of said applications for letters patent were the property of the said Cantelo Manufacturing Company; that he, the said John S. Cantelo, had no adverse interest therein; that, as a result of said representations, credit was obtained by said John S. Cantelo for the said company; that a part of the claims provable in bankruptcy against the estate of the said company are based upon credit thus obtained; that at no time has the said John S. Cantelo ever had a bona fide adverse interest in any of the said applications for letters patent hereinbefore referred to or to any of the inventions, which are the subject of said applications for letters patent; that all the inventions above described, which are the subject of the applications for letters patent, have been completed and put in practical form; that all that remains to be done is the taking out of the patents based upon said applications and the assignment thereof to

your petitioner; that in putting in practical form the said inventions, and in experimenting, said Cantelo, in behalf of and acting for the said company, has used exclusively the moneys and credits of the company, and has completely depleted its estate. The petitioner prays that the respondents be enjoined from selling the above-described property, and be ordered to assign same to the trustee, and that the title of this property be declared to be in said trustee. Demurrers were filed to this petition by the bankrupt and by John S. Cantelo, and objections to the jurisdiction of the court were also filed by said Cantelo. The referee overruled the demurrers and objections to the jurisdiction, and ordered the respondents to show cause why the prayers of the petitioners should not be granted. A petition was then filed with the referee by the respondent's attorney that the referee forthwith certify to the district judge the questions presented by the petition, demurrers, and objections, and the order of the referee thereon. Thereupon the referee has certified the same to this court.

1. The principal question now submitted is whether the interest of the bankrupt corporation in these patent applications passes to the trustee. But the objections challenge the jurisdiction of the court, and urge that the claim of Cantelo is an adverse claim, and can only be passed upon in a plenary suit.

The case is before me upon demurrer. The petition alleges, and the demurrer must be held to admit, that up to the date of the bankruptcy the inventions were used for the exclusive benefit of the corporation; that Cantelo set up no affirmative title, and no personal right to any benefit or use of the inventions or patent applications; but that, on the other hand, he obtained credit for the corporation by their use; that he acted merely as agent and manager of the corporation. Upon this record he cannot come in after bankruptcy, and affect the jurisdiction of the bankruptcy court by setting up an adverse claim. So far as anything appears in the record, the court has jurisdiction to pass upon the question. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405.

2. I may, then, turn to the principal question which I have already stated: Whether the interests of the bankrupt in the patent applications pass to the trustee. I have already detailed sufficient allegations of the record to assure the jurisdiction of the court. The record shows further that all the inventions have been completed; that nothing remains to be done to them except the taking out of patents based upon them and the assignments to the trustee; and that, in putting the inventions into form, Cantelo used exclusively the moneys and credit of the bankrupt company, and depleted the estate of the company in experimenting upon the invention.

The inventions are now represented by the applications for patents. Their value is derived not only from the brain of the inventor, but from experimenting upon them by the bankrupt company at its expense; that company having enjoyed their use and benefit, and derived its credit from them. The bankruptcy act (Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) provides that the trustee "shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * to all

* * * (2) interests in patents, patent rights, copyrights, and trade-marks, * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." In the M'Donnell Case (D. C.) 101 Fed. 239, Judge Shiras, of the Northern district of Iowa, in a clear and well-considered opinion, held that section 70a, subd. 2, can have reference only to letters patent actually issued at the date of the adjudication in bankruptcy; and that the trustee in bankruptcy takes no title to the patent granted to the bankrupt after the date of the adjudication in bankruptcy, although the application was made before bankruptcy, and was pending at the time of the adjudication. The case In re Dann (D. C.) 129 Fed. 495, is to the same effect, but goes further, and discusses subdivision 5 of section 70a.

The case at bar is presented by the record in a somewhat stronger position for the trustee than is found in either of the cases which I have cited. It is for the court to say whether, under all the facts which the record discloses, it shall refuse to the trustee of the bankrupt corporation the use and benefit of the patent applications which had actually constituted a valuable asset to the corporation before bankruptcy. Clearly the trustee in bankruptcy should not be deprived of their benefit if, under a fair construction of the law, they may be held to be a part of the bankrupt estate. In spite of the well-considered opinion in the M'Donnell Case, I think it not altogether clear but that the interests in the inventions which have become the subject of patent applications may fairly be held to be an "interest in patents" within the meaning of the law; but, whether or not these inventions may be so held, it seems to me, under subdivision 5 of section 70a, they may be held to be "property" which could be transferred. It affirmatively appears that upon these inventions the credit of the company was obtained; and that part of the claims provable in bankruptcy against the estate of the bankrupt were based upon such credit.

In the Dann Case, supra, Judge Seaman construes section 70a(5) and holds that a pending application for a patent cannot be held to be "property" within the meaning of the statute. His opinion upon this subject is a piece of close and effective reasoning. He adopts the text-book definition of an "invention," that its elements are (1) mental conception and (2) the application of the thought in form to produce a practical result; and he says that these elements have no attribute of property which can subject them to compulsory transfer before a patent is applied for, to secure the wanting attribute of monopoly in its use. And then he says he is doubtful whether the further action of the inventor in prosecuting an application for a patent creates a property interest which would pass to the trustee under the general terms of this clause, irrespective of the effect of the preceding clause 2; and he concludes with the opinion that the interest of the bankrupt in the alleged invention cannot be reached through the general terms of clause 5, in the face of the specific provision for patent interests in clause 2. His theory appears to be that, in clause 2, the lawmaking power disposed of the question of "patent rights" and "interests in patents," and when they came to item 5 they did not intend

by the term "property" to include anything in relation to interests in patents or patent rights. It seems to me that, after providing in clause 2 that the bankrupt should be vested by operation of law with the title of the bankrupt in interests in patents and patent rights, Congress proceeded in clause 5 to extend somewhat the meaning of clause 2, to cover by very general words the whole subject of "property," and to include in the term every vested right and interest attaching to, or growing out of, property. It seems to me that subdivision 5 embraces, and is meant to embrace, much of the property that is designated under the other subdivisions; that it is meant to include everything that can properly be the subject of a lawful transfer, whether it be corporeal or incorporeal. It seems to me that, instead of allowing clause 2 to limit and constrain the meaning of clause 5, the court should give to the latter clause a meaning as broad and inclusive as it was possible for the lawmaking power to make it. While a loose and popular construction is not to be accepted, the term "property" should be held to include anything which is the proper subject of legal transfer; the term should be made as broad as the old definitions of "property." Bouvier's Law Dictionary; Ruthf. Inst. 20; Domat, Liv. Prel. tit. 3; Poth. Des Choses; 18 Vin. Ab. 63. It seems to me that patent·applications which have afforded benefit and credit to a corporation before bankruptcy are not intended by the law to be excluded from "property" which passes to its estate in bankruptcy. My conclusion appears to be in harmony with the dictum of the Circuit Court of Appeals in this circuit, in Fisher v. Cushman, 103 Fed. 860, 43 C. C. A. 381, 51 L. R. A. 292, where it is assumed that an inventor has not taken out an application for a patent; but it is suggested that a court of bankruptcy would compel him to take out his application and assign it to the trustee in bankruptcy. And, in speaking for the court, Judge Putnam says:

"We cannot concede that there are any authorities of so precise a character as would prevent a court of bankruptcy from realizing capital thus locked up."

The learned judge in the Dann Case, supra, intimates that, if this phase had appeared in the case before him, he might have decided differently. I am constrained to hold that, within the spirit and meaning of the law, the patent applications in question pass to the trustee in bankruptcy.

I affirm the action of the referee in overruling the demurrers and objections to the jurisdiction. The case is remanded to the referee for further action.