JOHN CARVER *vs.* LEWIN A. PECK.

Suffolk. May 5. — June 28, 1881.

A creditor having a claim at law against his debtor cannot, without first obtaining judgment thereon, maintain a bill in equity, under the general equity jurisdiction of the court, to enforce payment out of property which cannot be taken on execution.

A patent right owned by a resident of this Commonwealth is not an interest which can be reached by his creditor by a bill in equity under the Gen. Sts. c. 113, § 2, cl. 11.

BILL IN EQUITY, filed September 27, 1879, alleging that the defendant owed the plaintiff $248.40, for use and occupation of

a dwelling-house and land in Boston; that on July 16, 1878, certain letters patent of the United States were granted to the defendant, which he still owned; that the patent was of great value; that the defendant had no other visible property which could be applied to his indebtedness, and refused to apply this patent, or any of the proceeds thereof, to the payment of that indebtedness; and that the plaintiff had not a plain, adequate or sufficient remedy at law. The prayer of the bill was that the defendant be ordered to apply the interest which he had in the patent to the payment of the debt due the plaintiff; for an injunction; and for general relief.

The defendant demurred to the bill, assigning as grounds of demurrer: 1. That the plaintiff had a plain, adequate and complete remedy at law. 2. Want of equity.

At the hearing, the demurrer was sustained, and the bill dismissed, with costs; and the plaintiff appealed to the full court.

*J. H. Bradley & J. W. O'Brien*, for the defendant.

*E. C. Gilman*, for the plaintiff.

GRAY, C. J. As the process of a court of chancery operates *in personam*, it is within the power of such a court, having jurisdiction of the person of the defendant, to compel or restrain a conveyance of his interest in personal property, or even in real estate, although the property or estate is itself outside the territory to which the jurisdiction of the court is limited. *Massie* v. *Watts*, 6 Cranch, 148, 158–160. *Dehon* v. *Foster*, 4 Allen, 545, and 7 Allen, 57.

The incorporeal and intangible right of an inventor or an author in a patent or a copyright cannot be taken on execution at law; and a general assignment of his property under a bankrupt or insolvent act will either by its own force pass this right to the assignee in bankruptcy or insolvency, or will at least entitle the latter by proper proceedings to compel the debtor to convey it to him for the benefit of creditors. *Stephens* v. *Cady*, 14 How. 528. *Stevens* v. *Gladding*, 17 How. 447. *Hesse* v. *Stevenson*, 3 B. & P. 565. *Longman* v. *Tripp*, 2 N. R. 67. *Mawman* v. *Tegg*, 2 Russ. 385, 392. *Ashcroft* v. *Walworth*, 1 Holmes C. C. 152. *Murray* v. *Ager*, 20 Pat. Off. Gaz. 1311.

But, assuming all this, the bill now before us does not set forth a case which entitles the plaintiff to relief. The nature of the

debt alleged to be due to him from the defendant does not justify the interposition of a court of equity, because it is a purely legal debt, upon which the plaintiff may sue at law. The sole ground on which he seeks to maintain his bill is that the defendant owns a patent right which he refuses to apply to the payment of the plaintiffs' debt, and has no other visible property that can be so applied.

The plaintiff cannot maintain his bill under the general jurisdiction of this court in equity, because he does not show that he has recovered judgment upon his debt; for in order to charge property in equity with the payment of a legal debt, the plaintiff must show that he has taken all the steps which would be prerequisite to obtaining an execution at law. Story Eq. Jur. § 1216 *b*. *Smith* v. *Hurst*, 10 Hare, 30. *M'Dermutt* v. *Strong*, 4 Johns. Ch. 687. *Reubens* v. *Joel*, 3 Kernan, 488, 490, 492. *Wiggin* v. *Heywood*, 118 Mass. 514.

Nor can he maintain his bill under the special jurisdiction conferred on this court by the Gen. Sts. *c*. 113, § 2, *cl.* 11, of "bills by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor, within this State, which cannot be come at to be attached or taken on execution in a suit at law against such debtor." It is not enough to sustain such a bill, that the debtor is within the jurisdiction of the court; but by the express words of the statute the property, right, title or interest sought to be reached must be "within this State." The fact that it is owned and therefore assignable by a debtor residing here is not sufficient. The statute does not look to the mere right of property vested in a debtor within the Commonwealth, regardless of the question whether the property is also here. It does not extend to real estate outside the Commonwealth, though owned by a debtor within it ; nor to chattels situated in another State, owned by a debtor within this Commonwealth, although for many purposes all personal property follows the domicil of its owner; nor even to a debt or right of action vested in a citizen of this Commonwealth, unless there is another person within this Commonwealth against whom such debt or right of action may be enforced, and who may be joined as a defendant in the nature of an equitable trustee. *Phœnix Ins. Co.* v. *Abbott*, 127 Mass. 558. A

patent right is not within this Commonwealth, by reason of the owner's residing and being found here, in any other sense than his interest in any debt or right of action owned by him.

As these grounds are sufficient to dispose of the case, it is unnecessary to consider other objections to the maintenance of the bill, and we give no opinion upon them. It is however proper to add, that it has been said by Mr. Justice Curtis in delivering a judgment of the Supreme Court of the United States, and repeated by Judge Shepley in the Circuit Court of the United States for this District, speaking of patents and copyrights, that "these incorporeal rights do not exist in any particular State or District; they are coextensive with the United States. There is nothing in any act of Congress, or in the nature of the rights themselves, to give them locality anywhere, so as to subject them to the process of courts having jurisdiction limited by the lines of States and Districts." *Stevens* v. *Gladding*, 17 How. 451. *Ashcroft* v. *Walworth*, 1 Holmes C. C. 154. See also *Gordon* v. *Anthony*, 16 Blatchf. C. C. 234, 249.

*Decree affirmed.*