[No. 6,730.—Department One.]

## PACIFIC BANK *v.* J. B. ROBINSON ET AL.

PATENT RIGHT—EXECUTION—EXEMPT PROPERTY.—A patent right to an invention is liable to execution.

ID.—ID.—SUPPLEMENTARY PROCEEDINGS TO EXECUTION—CREDITOR'S BILL.—Proceedings supplementary to execution are intended to take the place of a creditor's bill, and in such proceedings it is proper to order the execution debtor to make an assignment to a receiver of his patent right to an invention.

ID.— CASE DISTINGUISHED.— *Campbell* v. *James*, decided May 1st, 1880, in United States Circuit Court for New York, distinguished.

APPEAL from an order in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The defendant appealed.

*Wheaton & Scrivner*, for Appellant.

The patent right was not liable to seizure as tangible property, nor garnishment as debts, credits, etc. It could not be levied upon at all.

The State Court had no jurisdiction to make the order compelling defendant to make an assignment under the United States Statute. (*Campbell* v. *Jones*, U. S. C. Court for New York.)

*Winans, Belknap & Godoy*, for Respondent.

The principle is well established that every species of property belonging to a debtor, if not exempt from execution, may be reached and applied to the satisfaction of his debts. This may be done by a creditor's bill, or by proceedings supplementary to execution. (*Edmeston et al.* v. *Lyde et al.* 1 Paige, 637; Code Civ. Proc. § 715–719; *Adams* v. *Hackett*, 7 Cal. 201.)

The Supreme Court of the United States, in the case of *Stephens* v. *Cady*, 14 How. 529, declared that a copyright was not the subject of seizure and sale by execution, but could be reached by a creditor's bill in chancery; and as our Supreme Court held in *Adams* v. *Hackett*, cited above, that proceedings supplementary on execution were intended as a substitute for the creditor's bill in equity, it follows that a copyright may be reached by such proceedings.

This principle of reaching a patent right by supplementary proceedings decided affirmatively by the Supreme Court of New York in the case of *Barnes* v. *Morgan*, 3 Hun. 703.

It is true that under the laws of Congress upon patents no interest in a patent can be legally transferred except by an instrument in writing executed by the patentee. There is nothing in the Federal laws, nor in the laws of this State, that prevents the Court from making the order appealed from; but on the contrary, as we have shown, both the authorities and the statutes decide and prescribe that such an order may be made. The Court *does not* make the transfer, but it *orders* the patentees to execute it.

McKEE, J.:

Appeal from an order made after judgment, upon proceedings supplementary to execution, requiring the defendants to transfer and assign, by a proper instrument in writing, as required by the laws of the United States, all their right, title,

and interest in a patent right for broom-sockets, which they hold under United States letters-patent dated October 27th, 1874, to a receiver appointed to sell the same, and apply the proceeds in satisfaction of a judgment which the plaintiff had recovered against the defendant in July, 1879.

It is objected that the order is erroneous, because United States letters-patent, issued to inventors and discoverers under the patent laws of the United States, are not the subject of levy and sale, and cannot be applied to the satisfaction of a judgment.

By the law of this State all goods, chattels, money, and other property, both real and personal, or any interest therein of the judgment debtor, are liable to execution. (§ 688, Code Civ. Proc.)    And if there be property which cannot be reached by execution, and which the judgment debtor refuses to apply to the satisfaction of the judgment, he may be compelled, upon examination, in proceedings supplementary to execution, to deliver it in satisfaction of the judgment (§§ 714–721, Code Civ. Proc.); i. e., to a receiver appointed to dispose of it in aid of the execution. (§ 564, Code Civ. Proc.)    The principle as well as the policy of the law is, therefore, to subject every species of property of a judgment debtor to the payment of his debts.    No species of property would seem to be exempt, except such as is especially exempted by law, and any property not directly liable to execution may be reached for the satisfaction of the judgments.    This was effected, under the old system of practice, by a proceeding in equity, known as the creditor's bill.    After a judgment creditor had exhausted his remedy at law, by the issuance of a *fieri facias*, which was returned *nulla bona*, he had the right to invoke the jurisdiction of a court of equity to aid him, upon the principle of compelling a discovery of assets, tangible or intangible, and applying them to satisfying his execution. (*Bruhkerloff* v. *Brown*, 4 Johns. Ch. 671; *McDermott* v. *Strong*, id. 687; 20 Johns. 554.)

Proceedings under §§ 714 to 721 and § 574 of the Code of Civil Procedure were intended as a substitute for the creditor's bill as formerly used in chancery. (*Adams* v. *Hackett*, 7 Cal. 201; *Lynch* v. *Johnson*, 48 N. Y. 33.)    So that any property which was reachable by a creditor's bill may now be reached by the process of proceedings supplementary to execution.

As we have said, any tangible property is the subject of seizure and sale on execution. But a patent right is not tangible property. It is an incorporeal thing, subsisting in grant from the Government of the United States, yet it is subjected to some of the legal incidents of ownership of tangible property, such as succession and transfer; but as a creation of legislation, it is transferable only according to the provisions of the statute which created it, and the only question is, Has a court of equity power to compel its assignment and sale for the benefit of judgment creditors?

In 1852, Mr. Justice Nelson, in *Stephens* v. *Cady*, 14 How., held that a copyright to print and publish maps of the State of New Hampshire could be reached by a creditor's bill, and applied to the payment of debts of the owner of the copyright, under a decree compelling a transfer in conformity with the provisions of the Act of Congress. That, however, was mere *obiter*, because the decision of the question was not necessarily involved in the case. And afterwards, in 1854, in the case of *Stephens* v. *Gladding*, which was a branch of the case of *Stephens* v. *Cady*, Mr. Justice Curtis declined to pass upon the question, because neither the copyright nor any interest in it had been attempted to be sold.

But in 1875, the Supreme Court of New York, in the case of *Barnes* v. *Morgan*, 3 Hun, 703, took up the *dictum* of Mr. Justice Nelson, in *Stephens* v. *Cady*, and approved of it as a sustainable legal proposition. An order had been made at Special Term directing the defendant in the case to deliver to a receiver appointed under supplementary proceedings certain patents and models appertaining thereto. From the order defendant appealed to the Supreme Court. Assignability of the patents by the voluntary act of the owner, under the Act of Congress which created them, was conceded. And, according to the authority of *Hesse* v. *Stevenson*, 3 Bos. & P. 577; *Nias* v. *Adamson*, 3 Barn. & Ald. 225; and *Coles* v. *Barrow*, 4 Taunt. 754—it had been established that patent rights of a bankrupt pass by act and operation of law to his assignees in bankruptcy, for the benefit of creditors. In *Hesse* v. *Stevenson*, Lord Alverally, in delivering the opinion of the Court, used this language: "It is said that, although by the assign-

ment every right and interest, and every right of action as well as right of possession and possibility of interest, is taken out of the bankrupt and vested in the assignees, yet that the fruits of a man's own invention do not pass. It is true that the schemes which a man may have in his own head before he obtain his certificate, or the fruits which he may make of such schemes, do not pass, nor could the assignees require him to assign them over, provided he does not carry his schemes into effect until after he has obtained his certificate. But if he avail himself of his knowledge and skill, and thereby acquire a beneficial interest which may be the subject of assignment, I cannot frame to myself an argument why that interest should not pass in the same manner as any other property acquired by his personal industry." Patent rights being, therefore, assignable by the voluntary act of the owner, and by act and operation of law, it followed that a court of equity could compel the defendant to assign them to a receiver, to be sold and applied to the satisfaction of judgments against him, and the Supreme Court affirmed the order of the Special Term. " If," said the Court, " the use of a monopoly which such a grant confers is not sufficiently productive in the hands of the inventor to pay his debts, the privilege bestowed, being a right of property, as declared by Chief Justice Taney, should be transferred to the person designated by law, and sold for the benefit of the creditor. It would be marvelous, if not unjust perpetuation of the ideal, if an inventor, having obtained a patent, thus divulging his secret, and at the same time acquiring a property in it for practicable purposes, should be permitted to hold it unused against his creditors, until, either by compromise or the lapse of time, his obligations should be discharged; and this, too, although it might be one which, by assignment, or upon manufacture of the thing invented, would readily yield enough to pay all existing liabilities."

The case of *Campbell* v. *James*, 17 Blatchf. Rep. 43, in the United States Circuit Court of New York, to which we were referred in the argument, is not at all in conflict with the authority of *Barnes* v. *Morgan*. That case arose out of a bill of equity, in which the defendant was chargeable with the infringement of a patent claimed to be owned by the plaintiff as

assignee; and the principal questions involved in the case were, the validity of the assignment alleged to have been made by the owner, and the right of the plaintiff under it to recover as well for the infringement before the assignment to him as for that after. There is nothing in the case which involves the power of a State court in equity to compel the assignment of a patent, according to the Act of Congress, for the benefit of judgment creditors of the owner. Of course the United States Courts have jurisdiction of any questions which arise as to the title itself; but as the thing itself is not exempted from seizure and sale by the laws of the State, we think upon principle and authority that the order of the Court below was correct.

Order affirmed.

McKINSTRY, J., and ROSS, J., concurred.