ERIE WRINGER MANUF'G CO. v. NATIONAL WRINGER CO. et al.

(Circuit Court, W. D. Pennsylvania. August 29, 1894.)

No. 12.

EXECUTION—PROPERTY SUBJECT TO LEVY—PATENTS—INSOLVENT CORPORATION.
    Under the special execution process (fieri facias) against an insolvent corporation authorized by the Pennsylvania act of April 7, 1870, the sheriff can make a valid sale of a patent right belonging to the corporation.

J. W. Kinnear, for complainant.
Shiras & Dickey, for defendants.

ACHESON, Circuit Judge. That a patent right may be subjected by suitable judicial proceedings to the payment of the judgment debt of the owner of the patent is now settled. But, because of the intangible nature of the property, such right could not be seized and sold upon an ordinary writ of fieri facias at common law, and hence the judgment creditor had to seek the aid of a court of equity. Ager v. Murray, 105 U. S. 126. I see no good reason, however, to de-

ny the power of the legislature to authorize the taking in execution and sale of a patent right by process at law. In Bank v. Robinson, 57 Cal. 520, it was held that a patent right might be reached by proceedings supplementary to execution, which were a substitute for a creditor's bill. Now, in lieu of the remedy by sequestration against an insolvent corporation agreeably to the 73d, 74th, and 75th sections of the act of 16th of June, 1836 (P. L. 774), the act of 7th of April, 1870 (P. L. 58), gives a remedy by a special fieri facias, whereby the corporate franchises, and all the property and rights of the insolvent corporation, are taken in execution, and sold out and out. Philadelphia & B. C. R. Co.'s Appeal, 70 Pa. St. 355. In case of Flagg v. Farnsworth (Com. Pl. Phila.) 12 Wkly. Notes Cas. 500, Judge Mitchell, now of the state supreme court, expressed the opinion that a valid sale of a patent right belonging to an insolvent corporation can be made under the act of 1870. In this I concur. True, patent rights are not specially mentioned in the act, but the words, "any personal, mixed or real property, franchises and rights," are certainly broad enough to cover patent rights; and to hold otherwise would defeat the legislative intention, which, I think, clearly was thus to subject all the property and rights of every description, belonging to an insolvent corporation, to the discharge of its debts. Nothing to the contrary of this view is to be inferred from the provisions of the later act of 9th May, 1889 (P. L. 172), which gives to the courts of Pennsylvania (what, it seems, they did not theretofore have) complete equity jurisdiction to charge patent rights with the payment of the owner's debts. Upon this bill and answer the plaintiff fails to show a case for relief, as the defendant company is invested with the title of the sheriff's vendee under the special fieri facias.