[S. F. No. 457.   Department Two.—December 7, 1896.]

## LEWIS PETERSON, APPELLANT, v. SHERIFF OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

EXECUTION—PATENT RIGHTS NOT SUBJECT TO LEVY—RELIEF IN EQUITY.—
A patent right is not tangible property, but is an incorporeal right, be-
ing a personal favor or monopoly granted to a particular person by the
United States government, and is created and regulated entirely by fed-
eral legislation, and is not subject to levy or sale upon execution; and if
a creditor of the patentee can have the patent right subjected to the
satisfaction of his judgment at all, it can be done only by a court of
equity, acting *in personam*, and compelling the patentee to make an as-
signment.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco.   J. M. SEAWELL,
Judge.

The facts are stated in the opinion of the court.

*John L. Boone*, for Appellant.

It is not disputed that United States letters patent
can be seized and sold in satisfaction of an execution in
courts having equity jurisdiction.   (*Pacific Bank* v. *Rob-
inson*, 57 Cal. 520; 40 Am. Rep. 120; *Gillett* v. *Bate*, 86
N. Y. 87.)   A sheriff's deed would have served every
purpose of the case.   (*De Celis* v. *Porter*, 59 Cal. 464;
*Fish* v. *Fowlie*, 58 Cal. 373.)   It has ever been, under the
system of practice that existed before the adoption of
the codes, that a patent could be subjected to an execu-
tion.   (*Ager* v. *Murray*, 105 U. S. 129; *Stevens* v. *Glad-
ding*, 17 How. 451.)   Section 688 of the Code of Civil
Procedure includes all such intangible property.   (*Dens-
more* v. *Scofield*, 102 U. S. 375; *Blandy* v. *Griffith*, 3
Fisher's Patent Cases, 609; *Brown* v. *Duchesne*, 19 How.
183.)   The course of proceedings in law and equity cases
is now the same.   (*Bowen* v. *Aubrey*, 22 Cal. 566; *Wright*
v. *Wright*, 54 N. Y. 437; *Chinn* v. *Trustees*, 32 Ohio St.
236; *Gress* v. *Evans*, 1 Dak. 387; *Troost* v. *Davis*, 31 Ind.
34.)

*Reddy, Campbell & Metson,* and *Hillyer & Jacobs,* for Respondent.

A patent cannot be subjected to any of the usual modes of execution. (*Pacific Bank* v. *Robinson,* 57 Cal. 520; 40 Am. Rep. 120; *Carver* v. *Peck,* 131 Mass. 291; *Gillett* v. *Bate,* 86 N. Y. 87; *Stephens* v. *Cady,* 14 How. 528; *Stevens* v. *Gladding,* 17 How. 447; *Ager* v. *Murray,* 105 U. S. 126; *Gorrell* v. *Dickson,* 26 Fed. Rep. 454.) The certificate of sale of the officer making the sale would not be entitled to record in the office of the recorder of patents, and would not operate as a transfer of the title to the letters patent, because the law provides that the only way in which patents can be transferred is by an assignment. (Rev. Stats., sec. 4898.)

McFARLAND, J.—The appellant filed a petition in the superior court for a writ of mandate. He averred in his petition (briefly) that he had obtained a judgment in a justice's court against the Eureka Electric Company, a corporation, for two hundred and thirty-three dollars and fifty cents; that he had taken out an execution upon said judgment, which had been returned *nulla bona;* that upon an examination of the secretary of said company he discovered that it was the owner of two certain United States letters-patent, and the inventions covered thereby; that thereupon he procured an *alias* execution, which he delivered to the sheriff with instructions "to levy upon, advertise, and sell all the right, title, and interest of said defendant, the Eureka Electric Company, in and to said letters-patent, and the inventions covered and protected thereby"; and that the said sheriff refused to advertise and sell said rights, etc., of said company to said patent rights. Wherefore, he prayed for a writ of *mandamus* requiring the sheriff "to advertise and sell all the right, title, and interest" of said company in and to said patent rights. A general demurrer to the petition was sustained by the superior court, and judgment was entered for the respondent. From this judgment the petitioner appealed.

The demurrer was properly sustained. There is no method by which the sheriff could levy upon said property. It was neither "personal property, capable of manual delivery," which, under subdivision 3 of section 542 of the Code of Civil Procedure, must be attached by taking it into custody, nor does it come under the category of "debts and credits, and other personal property not capable of manual delivery," which must be attached by leaving notice with a third person owing such debts or having such credits or personal property in his possession. A patent right is a thing created entirely by federal legislation. It is a personal favor or monopoly, granted to a particular person by the United States government. It could not be transferred to another person at all, if the government had provided no method of transferring it; but the government has provided that it may be transferred by assignment, and that is the only method by which it can be transferred. And if a creditor of the patentee can have the patent right subjected to the satisfaction of his judgment at all, it can be done only by a court of equity, acting *in personam* and compelling the patentee to make an assignment. It cannot be advertised and sold under a common execution; as before said, there is no way in which it can be levied upon; and the mere advertising and selling of it upon notice would convey nothing to the purchaser. (*Carver* v. *Peck*, 131 Mass. 291, and cases there cited: *Pacific Bank* v. *Robinson*, 57 Cal. 520; 40 Am. Rep. 120.) In *Carver* v. *Peck*, *supra*, the court says: "The incorporeal and intangible right of an inventor or an author in a patent or a copyright cannot be taken on execution at law." In *Pacific Bank* v. *Robinson*, *supra*, the court says: "But a patent right is not tangible property. It is an incorporeal thing, subsisting in grant from the government of the United States. Yet it is subjected to some of the legal incidents of ownership of tangible property, such as succession and transfer; but as a creation of legislation it is transferable only according to the provisions of the statutes which created it, and the

only question is, has a court of equity power to compel its assignment and sale for the benefit of judgment creditors?"

The judgment appealed from is affirmed.

TEMPLE, J., and HENSHAW, J., concurred.