## McCLASKEY v. HARBISON–WALKER REFRACTORIES CO.
### Civil Action No. 1813.

District Court, W. D. Pennsylvania.
Aug. 17, 1942.

Clarke & Doolittle, Miller & Nesbitt, and Harvey A. Miller, all of Pittsburgh, Pa., for plaintiff.

Brown, Critchlow & Flick and Fulton B. Flick, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

Complainant seeks to recover a certain sum from the defendant upon a claim based upon an alleged right to royalties arising from infringement of Patent No. 1,525,328, issued February 3, 1925. Defendant has moved to dismiss the action upon the ground that the complaint, and facts admitted by complainant pursuant to Rule, disclose that complainant had no legal title to the patent in question.

Shortly after issue of the patent in 1925, it was assigned to the Superior Basic Brick Company, of Pittsburgh. In 1933 the Duquesne Light Company obtained a judgment against the Superior Basic Brick Company, which it later assigned to the present complainant. Certain physical assets of Superior were later sold under a writ of fieri facias issued by the complainant, who, after return upon that writ, issued an alias fieri facias and pursuant to it the Sheriff levied upon the patent and sold it to complainant for $15, giving his deed therefor.

The defendant asserts that patent rights cannot be seized and sold by the Sheriff upon a writ of fieri facias, and therefore the complainant has no title to the patent upon which he has based his suit.

 That a patent right, owing to its intangible nature, could not be sold upon an ordinary execution at common law, cannot be questioned. Nevertheless it could be subjected by a bill in equity to the payment of a judgment debt of its owner. Ager v. Murray, 105 U.S. 126, 26 L.Ed. 942. Pennsylvania State Courts, as well as Federal Courts, may enforce their judgments by equity procedure. Act of May 9, 1889, P.L. 172, 17 P.S.Pa. § 294.

In the instant case, however, the complainant, assignee of the judgment against the patent owner, did not proceed by bill in equity to acquire title to the patent, but resorted to the Pennsylvania Act of June 16, 1836, 12 P.S.Pa. § 1332, as amended by

the Act of April 7, 1870, 12 P.S.Pa. § 1337. By the Act of 1836 the owner of a judgment, not satisfied after levy and sale of the property seized, might apply for a writ of sequestration to subject to the judgment "any personal * * * property, franchises and rights of such corporation". By the Act of 1870 the judgment creditor, after a like original return, in lieu of the writ of sequestration, was given the right to a special fieri facias issued from the court which should command the sheriff to levy upon such personal property franchises and rights of the corporation debtor. Pursuant to such a writ the patent in suit was sold by the sheriff to the complainant.

As to the sufficiency of a title so obtained decisions differ. In Flagg v. Farnsworth, 12 W.N.C. 500, Judge Mitchell, then in the Common Pleas Court of Philadelphia but later a Judge of the Pennsylvania Supreme Court, held such a title to a patent to be valid, as also did Judge Acheson of the Circuit Court for this District, in Erie Wringer Mfg. Co. v. National Wringer Co., 63 F. 248. Subsequent to these decisions Judge Archbald, then Common Pleas Judge but later District Judge in the Middle District of Pennsylvania, held that a sale of a patent under the special writ of fieri facias did not convey a legal title.

The very high regard of this court for the opinions of both Judge Acheson and Judge Mitchell caused it to hesitate in advancing a contra opinion upon like subject matter, and it is only after more than casual consideration of the question that it ventures to do so.

■■ A number of cases may be cited to sustain such an opinion, but the substance of them may be found in the opinion in Ager v. Murray, 105 U.S. 126, 26 L.Ed. 942, and the cases therein quoted. That case is authority for the proposition that a patent conveys a monopoly to a patentee which exists not only in the State of the patentee's residence but throughout the Union. It is an incorporeal right conferred by the Government and is transferable only according to the laws of its creation. Its nature and scope make the right granted by it impossible of seizure upon an execution. It may be subjected to a judgment against its owner, but only by an action in personam and not by one in rem. A sheriff or marshal cannot seize that which is without body, but the owner of an incorporeal right may be required to assign it by an order of court pursuant to a proceeding in equity. If the owner of a patent, after such an order, fails to obey it, a Trustee might be appointed, who, as his legal representative, would assign the patent.

■ The statutes of the United States provide for the issuance of a patent to an inventor upon certain conditions, and the transfer of his right upon his death or incapacity to his legal representative and upon his bankruptcy to his Trustee, and beyond such reversions of title the only other transfer of title from the patentee provided by statute is by assignment. The equity proceeding by which a patent is subjected to the lien of a judgment has assignment as its foundation.

Other than the reversion of the patentee's title upon his death or bankruptcy, the provision for the transfer of his patent right is found in Sec. 4898, R.S., as amended, 35 U.S.C.A. § 47, which in part follows:

"Every patent or any interest therein shall be assignable in law by an instrument in writing, and the patentee or his assigns or legal representatives may in like manner grant and convey an exclusive right under his patent to the whole or any specified part of the United States.

"An assignment, grant, or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent Office within three months from the date thereof or prior to such subsequent purchase or mortgage."

■ So far as we have been able to perceive, the reasons which impelled all courts to hold that a patent right could not be levied upon under a fieri facias are just the same reasons which must influence this court in respect to the alias fieri facias.

The complaint will be dismissed.