12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re James CONSTANT, Debtor.
James CONSTANT,
v.
ADVANCED MICRO-DEVICES, INC., et al., Defendants-Appellees.
 Nos. 92-55465, 92-56220 and 92-56475.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Constant appeals pro se the district court's orders (1) dismissing Constant's complaint, (2) enjoining Constant from filing further papers without prior court approval, (3) imposing Rule 11 sanctions against Constant, and (4) assigning Constant's patents and copyrights to the U.S. marshal to satisfy the court's judgment against Constant. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm and impose sanctions against Constant for filing a frivolous appeal.
 
 
 3
 The history of Constant's litigation, which began in 1985 with patent infringment actions, is summarized in previous decisions of the Federal Circuit, and we do not repeat it here. See Constant v. United States, 929 F.2d 654, 656 (Fed.Cir.), cert. denied, 111 S.Ct. 2799 (1991); Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560 (Fed.Cir.), cert. denied, 488 U.S. 892 (1988). After Constant's numerous district court actions were decided adversely to him, and faced with numerous sanctions awards imposed by various U.S. district and appellate courts for his frivolous litigation, Constant filed for bankruptcy.
 
 
 4
 Constant filed the instant action in bankruptcy court as an adversary proceeding objecting to creditors' claims. On defendants' motion, the district court withdrew the reference of Constant's complaint to the bankruptcy court. The complaint was transferred to district court and assigned to Judge Real. Constant then moved to recuse Judge Real. The district court denied the recusal motion and dismissed Constant's complaint on grounds of res judicata and collateral estoppel. The district court also enjoined Constant from filing any future papers containing claims or allegations against these defendants without first obtaining court approval.
 
 
 5
 After the district court entered judgment, defendants requested the imposition of Rule 11 sanctions against Constant for filing this action. The district court awarded defendants $28,921.72 in attorneys' fees under Rule 11. The court then, on motion by defendants, assigned Constant's patents and copyrights to the U.S. marshal to satisfy the court's judgment.
 
 
 6
 Constant filed timely notices of appeal from all three district court final orders. In appeal No. 92-55465, from the underlying judgment, Constant contends that the district court erred by (1) withdrawing the reference to bankruptcy court, (2) denying Constant's recusal motion, (3) dismissing the action, and (4) entering the injunction. In appeal No. 92-56220, Constant appeals the imposition of Rule 11 sanctions. In appeal No. 92-56475, Constant appeals the district court's assignment of his patents and copyrights to the U.S. marshal to satisfy the judgment.
 
 I. No. 92-55465
 A. Withdrawal of Reference
 
 7
 We review for abuse of discretion the district court's order granting defendants' motion to withdraw the reference to bankruptcy court. Taxel v. Electronic Sports Research (In re Cinematronics, Inc.), 916 F.2d 1444, 1451 (9th Cir.1990). A district court may withdraw, in whole or in part, any case or proceeding referred to bankruptcy court, on its own motion or on timely motion by any party, for cause shown. 28 U.S.C. Sec. 157(d). The factors to be considered in determining whether to withdraw the reference include whether the proceeding is a core proceeding, judicial economy, convenience, and expertise of the court. United States v. Star Route Box 1328, 137 B.R. 802, 806 (Bankr.D.Or.1992).
 
 
 8
 Here, Constant's complaint alleged that the judgments against him which were the basis of his creditors' claims were procured by fraud and conspiracy. Constant's complaint thus constituted another collateral attack on the judgments in favor of defendants obtained in the earlier litigation. Further, because Judge Real had presided over previous, virtually identical actions brought by Constant, Judge Real was familiar with the facts and claims raised by the complaint. Under these circumstances, the district court did not abuse its discretion by withdrawing the reference. See In re Cinematronics, Inc., 916 F.2d at 1451; Star Route Box 1328, 137 B.R. at 806.
 
 B. Recusal Motion
 
 9
 We review the denial of a recusal motion for abuse of discretion. Sewer Alert Comm. v. Pierce County, 791 F.2d 796, 798 (9th Cir.1986). A motion for recusal of a judge pursuant to 28 U.S.C. Sec. 144 will be granted only upon a showing of bias or prejudice from an extrajudicial source. Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988). A motion for recusal which does not point to an extrajudicial source of bias is legally insufficient. Id.
 
 
 10
 Here, we find no abuse of discretion in the district court's denial of the recusal motion because Constant failed to show any extrajudicial source of bias. See id. Judge Real's adverse rulings in previous litigation do not demonstrate personal bias against Constant. See United States v. Azhocar, 581 F.2d 735, 739 (9th Cir.1978), cert. denied, 440 U.S. 907 (1979). Further, the fact that Constant filed a lawsuit against Judge Real based on Judge Real's decisions in other, related litigation does not require recusal. See Ronwin v. State Bar of Arizona, 686 F.2d 692, 701 (9th Cir.1981), cert. denied, 461 U.S. 938 (1983) and rev'd on other grounds, 466 U.S. 558 (1984).
 
 C. Dismissal of Complaint
 
 11
 We review de novo the district court's determination that an action is barred by the doctrine of res judicata. Robi v. Five Platters Inc., 838 F.2d 318, 321 (9th Cir.1988).
 
 
 12
 The doctrine of res judicata encompasses the doctrines of issue preclusion and claim preclusion. Id. "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Id. (quotation omitted). Claim preclusion bars relitigation of all claims that were previously available to the parties, whether or not the claims were actually asserted and adjudicated in the prior action. Id. at 322.
 
 
 13
 Here, Constant's complaint alleged that judgments obtained against him in previous actions were void because they were rendered by courts lacking jurisdiction and were procured by fraud and conspiracy. Constant's claims regarding his patents had already been litigated and determined on the merits, see Constant v. Advanced Micro-Devices, 848 F.2d 1560, and Constant had already brought one action challenging those judgments on grounds of fraud, see Constant v. Wilson, Nos. 88-1195 to 88-1198, unpublished memorandum decision (Fed.Cir. Aug. 25, 1988). Thus, the district court properly dismissed Constant's complaint on the ground that his claims were nothing more than collateral attacks on the previous judgments and as such were barred by the doctrine of res judicata. See Robi, 838 F.2d at 321-22.
 
 D. Pre-filing Order
 
 14
 We review the district court's order enjoining the filing of meritless claims for abuse of discretion. Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990). An injunction restricting access to the courts is an extraordinary remedy which should be narrowly tailored and rarely used. Id. at 470. We have outlined specific requirements which district courts must follow before issuing a pre-filing order. De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.), cert. denied, 498 U.S. 1001 (1990). Specifically, (1) the plaintiff must be given notice and the opportunity to oppose the order, (2) there must be an adequate record for review, (3) the court must make substantive findings of frivolousness, and (4) the order must be narrowly tailored to curb the abuses of this particular litigant. Id.
 
 
 15
 The record demonstrates that all the De Long requirements were met in this case. Constant was given notice of the defendants' motion for injunction, filed extensive opposition papers, and appeared at the hearing on the motion for injunction. The court made specific findings of frivolousness, and these findings are fully supported by the record in this case and by Constant's history of litigiousness. The injunction was sufficiently narrow in that it limited Constant from filing further papers against these defendants regarding his patent claims, but did not prohibit Constant from access to the courts in unrelated matters. Under these circumstances, we conclude that the injunction was appropriate to stop Constant's meritless litigation. See id.
 
 II. No. 92-56220
 
 16
 We review the imposition of Rule 11 sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 400-01 (1990). Rule 11 sanctions are proper if either a) the pleading is filed for an improper purpose, or b) the pleading is frivolous. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). A pleading is frivolous if it is both baseless and made without a reasonable and competent inquiry. Id.
 
 
 17
 Here, Constant's claims were clearly barred by res judicata and therefore his complaint was frivolous. Further, this complaint does not represent an isolated instance of a frivolous action filed by a pro se litigant but rather is a continuation of Constant's relentless campaign of frivolous litigation against these defendants. Moreover, Constant has been repeatedly warned by various courts that persistence with this meritless litigation will result in sanctions and has already been sanctioned numerous times. Under these circumstances, the district court did not abuse its discretion by imposing Rule 11 sanctions and awarding defendants attorneys' fees. See id.
 
 III. No. 92-56475[1]
 
 18
 A district court has authority to enforce its money judgment in accordance with the practice and procedure of the state in which it sits. Fed.R.Civ.P. 69(a); Duchek v. Jacobi, 646 F.2d 415, 416 (9th Cir.1981). Under California law, all property of the judgment debtor is subject to enforcement of a money judgment, including intangible property such as patents and copyrights. Cal.Civ.Proc.Code Sec. 695.010; Pacific Bank v. Robinson, 57 Cal. 520, 524 (1881). The proper procedure to execute on a patent is to obtain an order of the court directing the patent holder to assign the patent. Peterson v. Sheriff of San Francisco, 115 Cal. 211, 213 (1896). The assignment need not be executed personally by the patentee; the court may authorize a court officer to execute the assignment and the assignment will be binding on the patentee. Id.; Zanetti v. Zanetti, 77 Cal.App.2d 553, 559 (1947).
 
 
 19
 Here, defendants moved for an order to enforce the judgment against Constant's patents and copyrights, which represented his only assets. The district court granted the motion and entered an order directing Constant to assign the patents and copyrights to the U.S. marshal. The order further provided that if Constant failed to do so within seven days, the U.S. marshal was directed to execute an assignment which would have the same binding effect as if executed by Constant. This order was within the district court's authority to enforce its judgment, see Duchek, 646 F.2d at 416; Pacific Bank, 57 Cal. at 524, and was carried out in compliance with the applicable state procedure and practice, see Peterson, 115 Cal. at 213; Zanetti, 77 Cal.App.2d at 559. We have considered Constant's numerous arguments on appeal and find them to be without merit. Accordingly, we affirm the district court's order assigning Constant's patents and copyrights to the U.S. marshal to satisfy the court's judgment.
 
 IV. Sanctions on Appeal
 
 20
 In all three appeals, defendants request sanctions against Constant. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Constant's claims are wholly without merit, and his appeals are especially frivolous in light of his long history of repeatedly litigating the same claims despite repeated warnings by various trial and appellate courts that he would be sanctioned for persisting with his activities. See id. Nevertheless, in the exercise of our discretion we decline to award sanctions in favor of defendants.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Constant's motion for reconsideration of this court's order granting defendants' late motion for leave to join in the answering brief is denied