Filed 10/29/25; Certified for Publication 11/24/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of MONIQUE and BRETT LIVINGSTONE STRONG. | B345843 |
| _____ | (Los Angeles County Super. Ct. No. BD643024) |
| MONIQUE STRONG, | |
| Respondent, | |
| v. | |
| BRETT LIVINGSTONE STRONG, | |
| Appellant. | |

Appeal from order of the Superior Court of Los Angeles County, Jeffrey W. Korn, Commissioner.  Affirmed.

LGI and Bradley A. Patterson for Appellant Brett Livingstone Strong.

Klass Helman and Ross and Robert M. Ross for Respondent Monique Strong.

Brett Livingstone Strong (Brett)[1] is a sculptor who holds a copyright on certain of deceased Michael Jackson's works, titled "The Collected Works of Jackson-Strong Alliance."

In October 2024, Brett's estranged wife, Monique Strong (Monique), requested that the trial court order Brett to assign the copyright to a receiver so it could be monetized. She argued Brett owed her $2 million in unpaid spousal and child support and that he had no other assets that could satisfy the debt. The court granted Monique's request.

Brett now asks us to reverse that order. He does not dispute that he owes Monique $2 million or that the copyright constitutes his sole asset. He contends, instead, that no legal authority permits a court to order the forced assignment of a copyright.

We disagree. Code of Civil Procedure section 695.010, subdivision (a)[2] provides that, absent an exception, "all property of the judgment debtor is subject to enforcement of a money judgment." (§ 695.010, subd. (a).) Brett, however, has not convinced us that any exception for copyrights applies. In addition, although no published California decision has yet held that a court may order the forced assignment of a copyright in particular, cases dating back to the 19th century uphold the forced assignment of other forms of a debtor's intellectual property to satisfy a creditor's judgment.

Accordingly, we affirm.

---

[1] For clarity, we refer to the parties by their first names.

[2] Subsequent statutory references are to the Code of Civil Procedure.

## FACTUAL SUMMARY AND PROCEDURAL HISTORY

We summarize only the facts and procedural history relevant to our resolution of this appeal. In 2016, after approximately seven years of marriage, Brett separated from Monique. In the subsequent dissolution action, the trial court ordered Brett to pay child and spousal support.

In March 2024, in response to Brett's motion, the court entered a judgment ordering spousal support "terminated retroactively to August 19, 2021." The court found, inter alia, that Monique had "made very little effort[ ] to become self-sufficient," and that Brett, who was "70 years old," "ha[d] not been productive for many years" and had "no income [or] . . . savings."

Notwithstanding the retroactive termination of spousal support, Monique argued Brett still owed her approximately $2 million in unpaid support (including accrued interest). In October 2024, Monique filed the subject order requesting the appointment of a receiver and the court to compel Brett to assign "each, all and every copyright in which he has any interest to the [r]eceiver, to then be monetized to satisfy the unpaid child and spousal support owed." In support of her requests, Monique argued "[Brett] has testified that, other than the copyrights, he has no assets from which to pay the delinquent child and spousal support."

Brett did not dispute he owed Monique $2 million or that his copyright was his sole asset. Instead, he urged the court to reject Monique's requests because the authorities on which she relied were "applicable solely to patents—not copyrights." The court disagreed, appointed a receiver under sections 708.620 and 564, subdivision (b)(3), and ordered Brett "to assign the copyright . . . to the [r]eceiver so that the [r]eceiver may monetize the copyright to pay the judgment."

Brett timely appealed.

3

## DISCUSSION

Brett does not argue that a copyright is not property. Nor does he challenge the court's general authority to appoint a receiver to aid in enforcing a judgment by selling property. (See §§ 708.620, 564, subd. (b).) Rather, he argues that although a court may order a debtor to assign a patent, no authority exists to order the assignment of a copyright. We are not persuaded.

Section 695.010, subdivision (a) provides: "Except as otherwise provided by law, all property of the judgment debtor is subject to enforcement of a money judgment." (§ 695.010, subd. (a).) Thus, absent an exception, a copyright may be subject to satisfying a judgment.

Brett argues that section 708.510 supports such an exception because it provides that *payments from a copyright or patent* may be assigned, but does not include a copyright or patent itself:

"Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor or to a receiver . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments: [¶] . . . [¶] (5) [p]ayments due from a patent or copyright." (§ 708.510, subd. (a)(5).)

Based on this language, he argues that "the actual assignment of copyrights themselves to a receiver is not provided for at law or in equity."

We disagree. That the Legislature identified one source for collection of a debt does not necessarily exclude other sources. Indeed, section 708.510's "including but not limited to" proviso confirms that the list of payments enumerated in the statute is not exclusive. (§ 708.510, subd. (a).) Nor is it reasonable to assume

4

that the Legislature intended to include payments from a copyright as a source but exclude the copyright itself as a source for payment. Brett suggests no reason the Legislature would have done so.

We do not disagree with Brett's assertion that no published California case holds expressly that a court may order the forced assignment of a debtor's copyright to satisfy a judgment. But this fact is of no consequence. California legislation does so provide under sections 695.010, subdivision (a), 708.620, and 564, subdivision (b).

And cases dating back to the late 19th century confirm the more general principle that a court is empowered to order the forced assignment of a debtor's intellectual property. (See, e.g., *Sleepy Hollow Investment Co. v. Prototek, Inc.* (N.D.Cal. Sept. 13, 2007, No. C 03-4792 MMC (MEJ)) 2007 WL 2701318, at *1 [applying California law in ordering forced assignment of a debtor's patent to satisfy a judgment, where such assignment represented the creditor's "only hope of recovery"]; *Zanetti v. Zanetti* (1947) 77 Cal.App.2d 553, 559-560 [affirming trial court's determination that certain patents held in one partner's name were partnership assets that could be transferred to and sold by a receiver in connection with the dissolution of the partnership]; *Pacific Bank v. Robinson* (1881) 57 Cal. 520, 524 (*Pacific Bank*) [affirming the forced assignment of debtor's patent to a receiver to be sold to satisfy a judgment]; see also *Ager v. Murray* (1881) 105 U.S. 126, 127-128 [discussing copyrights and patents in tandem in affirming the former Supreme Court of the District of Columbia's holding that, where a patent holder refused to assign his patent to satisfy a judgment against him, a trustee was authorized to execute the assignment on his behalf].)

Indeed, federal and out-of-state cases have held that copyrights themselves are subject to assignment. (See *In re*

*Constant* (9th Cir. Dec. 3, 1993, Nos. 92-55465, 92-56220, 92-56475) 1993 WL 501665, at *4 [applying California law, including section 695.010, in affirming district court's order directing debtor to assign his copyrights and patents, "which represented his only assets," to the United States Marshal to satisfy an outstanding judgment]; see also *Hendricks & Lewis PLLC v. Clinton* (2014) 766 F.3d 991, 933 [applying Washington statute analogous to section 695.010, subdivision (a) in affirming district court's order assigning debtor's copyrights to receiver to satisfy creditor's money judgment].) And although they are not binding on us, they provide support for our decision.

Brett urges cases involving the forced assignment of patents are inapposite because "copyrights and patents are separate and distinct legal rights at law" and a copyright endures longer than a patent. (Capitalization & underscoring omitted.) He does not, however, explain why these differences require different treatment of copyrights and patents in the present case.

Rather, the rationale animating the decisions involving patents—namely, that a debtor should not be permitted to avoid creditors by sitting on intellectual property rights that could be generating revenue—applies with equal force to copyrights. As our Supreme Court observed in *Pacific Bank*: " 'If' . . . 'the use of a monopoly which [a patent] confers is not sufficiently productive in the hands of the inventor to pay his debts, the privilege bestowed, being a right of property . . . should be transferred to the person designated by law, and sold for the benefit of the creditor. It would be marvelous, if not unjust perpetuation of the ideal, if an inventor, having obtained a patent, thus divulging his secret, and at the same time acquiring a property in it for practicable purposes, should be permitted to hold it unused against his creditors, until, either by compromise or the lapse of time, his obligations should be

6

discharged; and this, too, although it might be one which, by assignment, or upon manufacture of the thing invented, would readily yield enough to pay all existing liabilities.' " (*Pacific Bank*, *supra*, 57 Cal. at p. 524.)

Brett contends this passage in *Pacific Bank* demonstrates copyrights are distinguishable from patents because "patent registration requires the patent holder to divulge the secret of the patent." But he fails to explain (and we cannot discern) how this distinction supports treating copyrights differently from patents for purposes of satisfying a creditor's judgment.

We therefore conclude Brett has failed to establish the trial court erred in ordering the forced assignment of his copyright to the receiver. We, however, decline Monique's request that we order Brett to pay her attorney fees as a sanction for his pursuit of this appeal.

Accordingly, we affirm the trial court's order assigning Brett's copyright to the receiver and deny Monique's request for sanctions.

## DISPOSITION

The order is affirmed.  Respondent is awarded her costs on appeal.


ROTHSCHILD, P. J.

We concur:


WEINGART, J.


M. KIM, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of MONIQUE and BRETT LIVINGSTONE STRONG. _____ MONIQUE STRONG,     Respondent,     v. BRETT LIVINGSTONE STRONG,     Appellant. | B345843 (Los Angeles County Super. Ct. No. BD643024) |

THE COURT:

The opinion in the above-entitled matter filed on October 29, 2025 was not certified for publication in the Official Reports. For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

ROTHSCHILD, P. J.        WEINGART, J.        M. KIM, J.

1