**UNITED STATES of America, Plaintiff,**

**v.**

**ONE PARCEL OF REAL PROPERTY, COMMONLY KNOWN AS STAR ROUTE BOX 1328, GLENWOOD, WASHINGTON COUNTY, OREGON, Defendant.**

**Civ. No. 89–1057–BE.**

United States District Court,
D. Oregon.

Feb. 24, 1992.

Charles H. Turner, U.S. Atty., Dist. of Oregon, Leslie J. Westphal, Asst. U.S. Atty., Portland, Or., for plaintiff.

Gary M. Bullock, Bullock & Regier, P.C., Portland, Or., for claimant Eileen Crowell.

## OPINION

BELLONI, District Judge.

The motions before me concern two related civil forfeiture cases, in which the defendants are property of Eileen and Palmer Crowell. Eileen Crowell moves to refer the two cases to the Bankruptcy Court for the District of Oregon. I have heard oral ar-

guments and considered the briefs of the parties.

## BACKGROUND

Eileen and Palmer Crowell are a married couple from Glenwood, Oregon, in Washington County. They were arrested on various federal drug and tax charges, stemming from the cultivation and distribution of marijuana by Palmer. Palmer subsequently pled guilty to the possession and manufacture of controlled substances. He was recently sentenced to a term of imprisonment. The drug charges against Eileen were dropped, but she entered an Alford plea to one count of underreporting her income for the year of 1986. She has a continuing dispute with the IRS regarding her tax liability for the years 1987, 1988, and 1989.

On October 6, 1989, the United States filed two civil forfeiture actions against property of the Crowells. CV89–1056–BE concerns a pickup truck, a trailer and $117,-520 in U.S. currency. CV89–1057–BE concerns approximately 17 acres of real property which contains the Crowell residence, known as Star Route Box 1328. The Crowells hold this real property as tenants by the entirety. Palmer and Eileen have each filed claims in both forfeiture actions. They were permitted to continue living in their residence pursuant to an occupancy agreement.

The forfeiture cases were stayed pending the resolution of the criminal cases. On October 17, 1991, about the time that the criminal proceedings were concluding, Eileen filed a Chapter 13 bankruptcy petition. Thus, these forfeiture cases came under the automatic stay, at least as far as Eileen is concerned. Eileen's claim to the property in these forfeiture cases appears to be the major asset of the bankruptcy estate. Apart from the government's forfeiture claims, Eileen's principal creditors are the IRS, which asserts a claim for income tax-

es, and Washington County, which asserts a claim for property taxes.

On December 10, 1991, the United States moved for relief from the automatic stay in order to pursue these forfeiture cases against Eileen. At about the same time, Eileen filed this motion to refer the forfeiture cases to the bankruptcy court. The Bankruptcy Judge has taken under advisement the government's motion for relief from the automatic stay, but has not yet ruled on that motion.

## DISCUSSION

█ As a preliminary matter, the government moves to strike Eileen's reply memorandum regarding this motion because it was filed approximately a week late. The government does not show any prejudice due to this tardiness. I find that it would be too harsh to strike the reply memorandum in this instance, but caution counsel to be more prompt in the future. The government's motion to strike is denied.

Turning to the motions to refer, the essential question is whether these forfeiture cases should be tried in the district court or the bankruptcy court. This requires analysis of the statute which sets out the division of labor between the district and bankruptcy courts, 28 U.S.C. § 157. This statute first defines the spectrum of cases which may be referred to the bankruptcy court in section 157(a): "Each district court may provide that any and all cases under title 11 [bankruptcy cases] and any and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." [1]

However, the broad language of 28 U.S.C. § 157(a) is limited by section 157(d), which states:

The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own

1. The District of Oregon has provided for the reference of all such cases in L.R. 2101–1, which states: "This court hereby continues its reference to the bankruptcy judges of this district of all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11." Thus, it is the policy of the District of Oregon to automatically refer all such cases to the bankruptcy court for decision.

motion or on timely motion of any party, for cause shown. The district court *shall* on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce [emphasis added].

Thus, section 157(d) provides for either mandatory or permissive withdrawal of cases from the bankruptcy court. Although section 157(d) speaks in terms of withdrawing the reference to the bankruptcy court, and the motion here is to refer cases to the bankruptcy court, the principles to be considered are the same.

The United States contends that these cases are subject to mandatory withdrawal under section 157(d), because their resolution requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. The United States also argues that this is a proper case for permissive withdrawal from the bankruptcy court. Eileen Crowell contends that this is not an appropriate case for either mandatory or permissive withdrawal of reference.

### 1. *Mandatory Withdrawal*

The parties do not dispute that these forfeiture cases are, at the least, "related cases" under 28 U.S.C. § 157(a). That is, the outcome of these cases could conceivably have an effect on the bankruptcy estate. *In Re Fietz*, 852 F.2d 455, 457 (9th Cir.1988). These forfeiture cases will determine whether the defendant property belongs, at least in part, to Eileen Crowell, or whether her interest in the property has been forfeited to the government. Therefore, these forfeiture cases will certainly have an effect on the bankruptcy estate.

As discussed above, proceedings must at least be related to a case under title 11 in order for referral to the bankruptcy court to be proper under 28 U.S.C. § 157(a). Thus, these are cases which could be referred to bankruptcy court, and

which normally would be referred to bankruptcy court under L.R. 2101–1. However, under 28 U.S.C. § 157(d), this court *must* withdraw reference if the resolution of a proceeding requires consideration of laws of the United States regulating organizations or activities affecting interstate commerce.

The United States argues that the forfeiture statutes are rooted in the Commerce Clause, and are the type of laws that Congress had in mind when it enacted section 157(d). The parties have not cited, and I have not located, any cases which discuss the operation of § 157(d) in forfeiture cases. I have also been unable to locate any cases from the Ninth Circuit which discuss the standards for mandatory withdrawal of reference.

However, I am satisfied that the forfeiture statutes are laws regulating organizations or activities affecting interstate commerce within the terms of § 157(d). In enacting the forfeiture statutes, Congress relied on its powers under the Commerce Clause, making a specific finding in 21 U.S.C. § 801 that trafficking in illegal narcotics affects interstate commerce. Moreover, the federal courts have found that § 157(d) applies to a number of statutes that are comparable to the forfeiture statutes. *See, e.g., Hatzel & Buehler v. Orange & Rockland Utilities*, 107 B.R. 34 (D.Del.1989) (Occupational Safety and Health Act); *Johns–Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y.1986)(Comprehensive Environmental Response Compensation Liability Act and Clean Water Act); *In Re Hartley*, 55 B.R. 781, 784 (N.D.Ohio 1985)(Racketeering Influenced and Corrupt Organization Act); *In Re White Motor Corp.*, 42 B.R. 693 (N.D.Ohio 1984) (Employee Retirement Income Security Act and Internal Revenue Code).

Eileen Crowell argues that withdrawal is not mandatory if the role of "other laws" is only tangential or *de minimus*. This is correct; in *In Re White Motor Corp., supra,* the court found that Congress indicated that withdrawal would be required only if substantial and material consideration of nonbankruptcy federal laws was necessary for the resolution of a

case. 42 B.R. at 703. However, Eileen Crowell acknowledges that resolution of these cases will require application of the innocent ownership defense set out in 21 U.S.C. § 881(a)(7). I find that this issue, in itself, requires substantial and material consideration of a statute regulating activities affecting interstate commerce. Moreover, it is likely that other provisions of the forfeiture laws will be considered in resolving these cases.

■ Eileen Crowell also argues that withdrawal of reference is not mandatory when a proceeding requires consideration of only federal interstate laws or only bankruptcy laws. She relies on a minority line of cases which indicate that § 157(d) does not apply to proceedings that involve no bankruptcy issues, even if they are related to a bankruptcy case. *See, e.g., In Re Chateaugay Corp.,* 86 B.R. 33 (S.D.N.Y. 1987). I reject this argument for two reasons. First, I find it more logical to accept the majority view, that § 157(d) applies to all related cases. Otherwise, the district courts would be faced with an anomalous situation where they must withdraw cases which contain bankruptcy issues, but need not withdraw cases with no significant bankruptcy issues. Second, Eileen Crowell argues strenuously, in other portions of her memoranda, that these cases involve the resolution of bankruptcy issues regarding the priority of liens between the United States, the IRS and Washington County.

Accordingly, I find that these cases are subject to mandatory withdrawal under 28 U.S.C. § 157(d). Therefore, Eileen Crowell's motions to refer these cases to the bankruptcy court are denied.

### 2. *Permissive Withdrawal*

■ As an alternate ground for my decision, I find that these are appropriate cases for permissive withdrawal of reference from the bankruptcy court. Section 157(d) gives the district court the discretion to deny reference to the bankruptcy court if good cause is shown, even if the case is one that could properly be heard in the bankruptcy court. There are a number of factors which should be considered in determining whether to exercise such "permissive withdrawal," including whether the proceeding is a core or a non-core proceeding, judicial economy, convenience, and expertise of the court. *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, supra,* 107 B.R. 34.

■ The distinction between "core" and "non-core" or "related" proceedings is set out in 28 U.S.C. § 157(b)(2). Under this subsection, bankruptcy judges have the power to determine all core proceedings and to enter appropriate orders and judgments, but are precluded from entering a final order to resolve a non-core proceeding unless all parties consent. If there is no consent in a non-core proceeding, the bankruptcy judge must submit proposed findings and conclusions for *de novo* review by the district court. Thus, a core proceeding may be determined quickly and finally by a bankruptcy court, but there is a potential for delay when a bankruptcy court handles non-core proceedings.

■ Core proceedings include, but are not limited to: 1) matters concerning the administration of the estate; 2) allowance or disallowance of claims against the estate or exemption from the property of the estate, or estimation of claims or interests for the purpose of confirming a plan; 3) determination as to the dischargeability of particular debts; 4) determination of the validity, extent or priority of liens; and 5) confirmation of plans. Although some of these categories appear broad enough to encompass these forfeiture cases, the courts have adopted a narrower interpretation, in order to avoid the constitutional problems noted in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *In Re Cinematronics, Inc.,* 916 F.2d 1444, 1450 (9th Cir.1990).

■ The Fifth Circuit has formulated a standard that is widely accepted:

If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding ... If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding ... If the proceeding does not involve a substantive right created by the federal bankruptcy law, and is one that could exist outside

of bankruptcy, it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under Section 157(c)(1) it is an otherwise related or non-core proceeding.

*Matter of Wood,* 825 F.2d 90, 97 (5th Cir. 1987). Under this standard, these forfeiture cases are clearly not core proceedings, but are related proceedings which could have an effect on the debtor's estate. Thus, any order or judgment issued by the bankruptcy court would not be final until adopted by the district court. I find that the Fifth Circuit's analysis is persuasive, and consistent with the law of the Ninth Circuit.

■ Therefore, since these are not core proceedings, the bankruptcy court could not enter a final judgment without the consent of the parties. The United States indicates that it will not give such consent. Another related issue is the question of the right to a jury trial. Grave Seventh Amendment problems would arise if a jury trial is conducted by the bankruptcy court in a non-core proceeding, because section 157(c)(1) requires *de novo* review by the district court of such matters. *In Re Cinematronics, Inc., supra,* 916 F.2d at 1451. Where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate. *Id.*

■ Eileen Crowell has made a jury demand in these cases. She now states that she is willing to waive her right to a jury trial. However, under Fed.R.Civ.P. 38(d), once a demand for jury trial has been made, it may not be withdrawn without the consent of the parties. The United States has indicated that it will not give such consent. Accordingly, the fact that these cases are related proceedings rather than core proceedings weighs heavily in favor of withdrawing the cases from the bankruptcy court, primarily because of the need for a jury trial, but also because of the potential for duplication of proceedings.

The United States argues that another factor weighing against referral is my familiarity with forfeiture law and with these particular cases. Although the bankruptcy court could undoubtedly deal with forfeiture issues, I do have some familiarity with these particular cases, which weighs slightly in favor of withdrawing the cases.

The parties hotly dispute the issue of which forum would best promote judicial economy. As discussed above, the fact that these are not core proceedings means that any decision by the bankruptcy court would be subject to *de novo* review by the district court. The United States also contends that since Palmer's claims cannot be adjudicated in the bankruptcy court, reference of Eileen's claims to the bankruptcy court would simply duplicate the proceedings. Eileen argues that Palmer's guilty plea to a drug violation means that he has no defense in these forfeiture cases, and will not be a factor. However, the record shows no indication that Palmer intends to abandon his claims. Moreover, during oral argument the government argued without contradiction that Palmer might raise defenses regarding the issue of probable cause for forfeiture. Therefore, I cannot assume that Palmer intends to abandon his claims. As long as Palmer remains a party to these cases, it seems likely that reference to the bankruptcy court would multiply, rather than streamline, the proceedings.

Eileen argues that her defense of being an innocent spouse involves the same facts and issues as her defense to the tax liens being asserted against her by the IRS in the bankruptcy court. Thus, she reasons, it would be more efficient to try all such issues in the bankruptcy court. The tax liens appear to be based on income which allegedly came from Palmer's drug endeavors, and thus there is some factual overlap with the innocent spouse defense in the forfeiture cases. However, there are some differences in the legal standards to be applied in the IRS claims and these forfeiture cases.

It is clear that neither the district court or the bankruptcy court is a perfect forum. Whether these cases are tried in this court or the bankruptcy court, there is likely to be some duplication of efforts. However, I find that trial in the district court is likely to cause less duplication and delay than trial in the bankruptcy court, and therefore the district court is the more efficient forum.

**808**

For all of these reasons, I find that it is advisable to withdraw reference of these forfeiture cases from the bankruptcy court. However, at present the automatic stay prevents the resolution of Eileen Crowell's claims in the forfeiture cases. Therefore, the course of future proceedings is to some extent contingent on the bankruptcy court granting the government's motion for relief from the stay. Furthermore, I anticipate that withdrawal of reference will not remain necessary after the trial of the forfeiture issues. At that time, I would entertain a motion to refer any remaining issues regarding the priority of interests to the bankruptcy court.

## CONCLUSION

Eileen Crowell's motions to refer these civil forfeiture cases to bankruptcy court are denied. The reference of these cases to bankruptcy court is withdrawn pursuant to 28 U.S.C. § 157(d).