12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re James CONSTANT, Debtor. (Two Cases)
James CONSTANT, Plaintiff-Appellant,
v.
Stephen V. WILSON, District Judge; Manuel Real, Chief
District Judge; Robert P. Aguilar; Oscar Davis; Wilson
Cowen, Judge; Edward Smith; Helen Nies; Pauline Newman;
Howard Markey; Paul Michel; United States of America,
Defendants-Appellees. (Three Cases)
 Nos. 92-55891, 92-56045 and 92-55995.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, James Constant appeals pro se the district court's dismissal of three actions Constant filed against ten federal judges. Constant also appeals the district court's order enjoining him from filing further papers without prior court approval. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The history of Constant's litigation is summarized in previous decisions of the Federal Circuit and in the orders of the district court, and we do not repeat it here. See Constant v. United States, 929 F.2d 654, 656 (Fed.Cir.), cert. denied, 111 S.Ct. 2799 (1991); Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560 (Fed.Cir.), cert. denied, 488 U.S. 892 (1988). After Constant's numerous district court actions were decided adversely to him, and faced with numerous sanctions awards imposed by various U.S. district and appellate courts for his frivolous litigation, Constant filed for bankruptcy. In re Constant, Bk. No. LA-89-19270-KL (Bankr.C.D.Cal.).
 
 
 4
 Constant filed two of the instant complaints in bankruptcy court as adversary proceedings. Constant v. Wilson (In re Constant), Adversary Nos. LA 91-07337-KL & 92-01414-KL. On defendants' motion, the reference of Constant's complaints to the bankruptcy court was withdrawn and the complaints were transferred to district court. Constant v. Wilson, Nos. CV-92-0409-RSWL & CV-92-1394-RSWL. Constant filed the third action in district court. Constant v. Wilson, No. CV-92-2018-RSWL. All three actions were calendared before Judge Lew.
 
 
 5
 Constant named the same ten federal judges as defendants in all three actions. In essence, Constant alleged that the defendants had violated his constitutional rights by committing fraud, conspiracy, and judicial misconduct in deciding previous litigation regarding Constant's patent claims adversely to Constant. Constant sought damages and various forms of injunctive and declaratory relief. The district court dismissed all three actions on grounds of judicial immunity and, alternatively, res judicata. The district court also enjoined Constant from filing any further pleadings against these defendants without first obtaining court approval.
 
 
 6
 On appeal, Constant contends that the district court erred by (1) withdrawing the reference to bankruptcy court in Nos. CV-92-0409-RSWL and CV-92-1394-RSWL, (2) dismissing the actions, and (3) entering the injunction.
 
 I. Withdrawal of Reference
 
 7
 We review for abuse of discretion the district court's order granting defendants' motion to withdraw the reference to bankruptcy court. Taxel v. Electronic Sports Research (In re Cinematronics, Inc.), 916 F.2d 1444, 1451 (9th Cir.1990). A district court may withdraw, in whole or in part, any case or proceeding referred to bankruptcy court, on its own motion or on timely motion by any party, for cause shown. 28 U.S.C. Sec. 157(d). The factors to be considered in determining whether to withdraw the reference include whether the proceeding is a core proceeding, judicial economy, convenience, and expertise of the court. United States v. Star Route Box 1328, 137 B.R. 802, 806 (Bankr.D.Or.1992).
 
 
 8
 Here, Constant's complaints challenged the decisions and rulings issued by defendants in Constant's previous litigation. These actions are clearly non-core proceedings. See Robertson v. Isomedix, Inc. (In re INTL Nutronics, Inc.), 3 F.3d 306, 310 (9th Cir.1993). Further, because the district court was already familiar with the issues and facts involved in Constant's complaints, considerations of judicial economy supported withdrawal of the bankruptcy reference and transfer of these actions to district court. Under these circumstances, the district court did not abuse its discretion by withdrawing the reference. See In re Cinematronics, Inc., 916 F.2d at 1451; Star Route Box 1328, 137 B.R. at 806.
 
 II. Dismissal of Complaint
 
 9
 We review de novo the district court's dismissal of an action for failure to state a claim. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Judges are absolutely immune from civil suits for damages for judicial acts taken within their judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Judicial immunity applies to actions taken in error, maliciously, or in excess of authority. Id. Judges lose their immunity only when they act in the absence of all jurisdiction or perform acts which are not judicial in nature. Id.
 
 
 10
 In 42 U.S.C. Sec. 1983 actions, judicial immunity does not bar actions seeking prospective injunctive relief. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). Nevertheless, this rule does not apply to constitutional tort actions brought against federal defendants pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Mullis v. United States Bankruptcy Court, District of Nevada, 828 F.2d 1385, 1394 (1987), appeal dismissed, cert. denied, 486 U.S. 1040 (1988). Thus, judicial immunity bars actions for declaratory, injunctive and other equitable relief against federal officers. Id.
 
 
 11
 Here, Constant named the same ten federal judges in all three actions. Constant alleged that the judges had violated his constitutional rights by deciding his previous actions without jurisdiction. Constant also alleged that the judges committed fraud, conspiracy, and judicial misconduct in deciding his actions. Constant sought damages and injunctive and declaratory relief, including declarations that the previous judgments are void, declarations that various statutes and rules are unconstitutional, and disbarment of the defendants.
 
 
 12
 Because the allegations in Constant's complaint concern actions taken by the judges in their judicial capacity, Constant's claims are barred by judicial immunity. See Stump, 435 U.S. at 356-57 (claims for damages); Mullis, 828 F.2d at 1394 (claims for declaratory and injunctive relief). Further, Constant's conclusory allegations that the defendants were acting in excess of all jurisdiction were not sufficient to defeat immunity because Constant failed to allege any facts to support these allegations. Thus, the district court correctly dismissed Constant's actions as barred by judicial immunity.[1]
 
 III. Pre-filing Order
 
 13
 We review the district court's order enjoining the filing of meritless claims for abuse of discretion. Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990). An injunction restricting access to the courts is an extraordinary remedy which should be narrowly tailored and rarely used. Id. at 470. We have outlined specific requirements which district courts must follow before issuing a pre-filing order. De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.), cert. denied, 498 U.S. 1001 (1990). Specifically, (1) the plaintiff must be given notice and the opportunity to oppose the order, (2) there must be an adequate record for review, (3) the court must make substantive findings of frivolousness, and (4) the order must be narrowly tailored to curb the abuses of this particular litigant. Id.
 
 
 14
 The record demonstrates that all the De Long requirements were met in this case. Constant was given notice of the defendants' motion for injunction, filed extensive opposition papers, and appeared at the hearing on the motion for injunction. The district court made specific findings of frivolousness, and these findings are fully supported by the record in this case and by Constant's history of litigiousness. The injunction was sufficiently narrow in that it limited Constant from filing further papers against these defendants based on facts or claims raised in his previous litigation, but did not prohibit Constant from access to the courts in unrelated matters. Under these circumstances, we conclude that the injunction was appropriate to stop Constant's meritless litigation. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for puoblication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's decisions on the grounds of judicial immunity, we do not address the district court's alternative grounds for dismissal on the basis of res judicata
 Constant also contends that the district court erred by granting defendants' motion to substitute the United States for defendants pursuant to 28 U.S.C. Sec. 2679 as to Constant's common law tort claims. Because we conclude that the district court correctly dismissed all of Constant's claims as barred by judicial immunity, we need not address this issue.