USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 96-1770 MARIO GARCIA-QUINTERO, ET AL., Plaintiffs, Appellees, v. COMMONWEALTH OF PUERTO RICO, ET AL., Defendants, Appellants. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO _________________________ [Hon. Salvador E. Casellas, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ Carlos Lugo-Fiol, Solicitor General, Edda Serrano-Blasini, ________________ _____________________ Deputy Solicitor General, and Edgardo Rodriguez-Quilichini, _____________________________ Assistant Solicitor General, on brief for appellants. David P. Freedman, Mario J. Pab n and O'Neill & Borges on __________________ _______________ _________________ brief for appellee First National Bank of Boston. Jose M. Mu oz-Silva, Charles A. Cuprill-Hernandez, Carlos A. ___________________ ____________________________ _________ Surillo Pumarada and Charles A. Cuprill-Hernandez Law Offices on ________________ _________________________________________ various briefs for appellee Northwestern Trading Co. _________________________ MARCH 11, 1997 _________________________ Per Curiam. This case had its genesis in racketeering Per Curiam. __________ charges filed by the Puerto Rico Department of Justice (PR-DOJ) against, inter alia, Delta Petroleum (PR), Ltd., Delta's _____ ____ president, (Mario O. Garcia-Quintero), and Northwestern Trading Co. Coincident with the filing of those charges, PR-DOJ seized, without prior judicial authorization, two bank accounts maintained by Delta. One such account was held by Banco Central Hispa o for the benefit of First National Bank of Boston (Bank of Boston). The second was held directly by Bank of Boston. Garcia-Quintero, Bank of Boston, and Northwestern Trading pursued various avenues of relief. During this time frame, however, Delta became the subject of Chapter 11 proceedings in the bankruptcy court; a trustee was appointed; and Bank of Boston opted to remove an earlier-filed action from the commonwealth courts to the bankruptcy court. In due season, Bank of Boston cross-claimed against PR-DOJ, alleging that the aforementioned seizures were illegal and should be nullified.1 After considerable procedural skirmishing, the district court withdrew its earlier reference to the bankruptcy court and assumed jurisdiction over the adversary proceeding. Both Bank of Boston and Northwestern Trading then moved for summary judgment. PR-DOJ did not file an opposition to either motion. By order dated August 9, 1995, the district court granted the motions.  ____________________ 1Throughout this opinion, we use "PR-DOJ" as a shorthand reference for all appellants (who include not only PR-DOJ but also the Commonwealth of Puerto Rico and divers officers and agents of the Commonwealth). 2 PR-DOJ moved for reconsideration, Fed. R. Civ. P. 59(e), but the court, by order dated February 5, 1996, refused to budge. PR-DOJ now appeals. We summarily affirm. The district court has written two orders explaining its reasoning, and we see scant need to wax longiloquent. See ___ Lawton v. State Mut. Life Assurance Co. of Am., 101 F.3d 218, 220 ______ ____________________________________ (1st Cir. 1996) (stating that "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate"); In re San Juan Dupont Plaza Hotel Fire _________________________________________ Litig., 989 F.2d 36, 38 (1st Cir. 1993) (similar). Accordingly, ______ we affirm the judgment for substantially the reasons elucidated in the district court's orders, adding a few brief comments. 1. It is important to bear in mind that this appeal 1. tests only the denial of PR-DOJ's motion for reconsideration. In considering such an assignment of error, we will not reverse unless the record displays a palpable abuse of discretion. See ___ Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d _____________________ _______________________________ 220, 227 (1st Cir. 1994); Fragoso v. Lopez, 991 F.2d 878, 888 _______ _____ (1st Cir. 1993). We detect none here. 2. PR-DOJ vigorously (if belatedly) contests the 2. district court's jurisdiction, and urges that the court should have reconsidered because the removed action should have been remanded to the commonwealth courts. We need not address the obvious question anent the existence of appellate jurisdiction vis- -vis the denial of a motion to remand, see generally ___ _________ 3 Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 350-52 _______________________ _____________ (1976), inasmuch as the appellant's attacks on the district court's subject matter jurisdiction fail. A federal court appropriately exercises subject matter jurisdiction over state court claims upon removal when the claims are sufficiently "related" to bankruptcy proceedings. See 28 ___ U.S.C. 1334, 1452 (1994). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re G.S.F. _____________ Corp., 938 F.2d 1467, 1475 (1st Cir. 1991) (quoting Pacor v. _____ _____ Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). In this case, the _______ district court properly exercised jurisdiction over the claims to compel the return of the seized property because those claims had a direct and significant effect on the bankruptcy estate.2 See ___ United States v. Star Rte. Box 1328, 137 B.R. 802, 805 (D. Or. _____________ ___________________ 1992) (holding that a case involving federal civil forfeitures satisfied the relatedness test). Moreover, the claims were properly withdrawn by the district court from the bankruptcy court. See 28 U.S.C. 157(d) (1994). ___ 3. PR-DOJ offers as an additional reason for 3.  ____________________ 2To be sure, PR-DOJ emphasizes that the issues concerning the seized property depend primarily on Puerto Rico forfeiture law. But "federal courts are not lightly to relinquish jurisdiction, and . . . even a difficult issue of state law or parallel pending state litigation is not automatically a warrant to abstain." Lundborg v. Phoenix Leasing, Inc., 91 F.3d 265, 272 ________ _____________________ (1st Cir. 1996). Thus, the district court did not abuse its considerable discretion by deeming itself competent to determine straightforward issues of Puerto Rico law. 4 reconsideration its complaint that the district court entered summary judgment without offering it an opportunity to mount an opposition. This is sheer persiflage. The record reveals that PR-DOJ had ample opportunity to oppose the summary judgment motions, and instead neglected to do so.3 What is more, the district court did not grant the motions merely because they were unopposed; rather, the court, following settled precedent, see, ___ e.g., Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991); ____ _____ _____________ Mendez v. Banco Popular, 900 F.2d 4, 7 (1st Cir. 1990), ______ ______________ considered the motions on their merits, in light of the record as constituted, and determined that judgment in favor of the movants was legally appropriate. The sockdolager, of course, is that PR-DOJ, even now, has not suggested any credible reason why Bank of Boston and/or Northwestern Trading are not entitled to judgment. The claimants are parties possessing cognizable interests in the seized property. See P.R. Laws Ann. tit. 34, 1723 (1991). The ___ criminal proceedings fizzled out, and under the law of Puerto Rico, acquittal on criminal charges renders a governmental seizure of the acquitted person's property invalid. See Carlo ___ _____ del Toro v. Secretario de Justicia, 7 P.R. Off. Trans. 392, 398- ________ ______________________ 99 (1982). In the face of clear precedent, the district court  ____________________ 3PR-DOJ's lament that it was lulled into a false sense of security by a stay granted earlier in the proceedings by the bankruptcy court holds little water. Given the record in this case, no reasonable lawyer would have concluded that the stay endured after the district court withdrew the reference and assumed jurisdiction. 5 acted appropriately in noticing the acquittals and striking down the seizures. We need go no further. Concluding, as we do, that the instant appeal is entirely without merit, we summarily affirm. Affirmed. Affirmed. ________ 6